(No. 47619.—

SCHILLER PARK COLONIAL INN, INC., *et al.,* Appellees, v. MICHAEL BERZ *et al.,* Appellants.

*Opinion filed May 28, 1976.—Rehearing denied June 28, 1976.*

500

502

504

William J. Scott, Attorney General, of Springfield (Robert G. Epsteen, Assistant Attorney General, of Chicago, of counsel), for appellants.

Halfpenny, Hahn & Roche, of Chicago (James F. Flanagan, of counsel), for appellees.

MR. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County holding unconstitutional section 12a of article VI of "An Act relating to alcoholic liquors" (hereinafter referred to as the Liquor Control Act) (Ill. Rev. Stat. 1973, ch. 43, par. 132).

The plaintiffs are liquor licensees who each received a "Citation and Notice of Hearing" from the Illinois Liquor Control Commission. The citations informed the plaintiffs that they were charged with having made certain political campaign contributions in violation of article VI, section 12a, of the Liquor Control Act (hereinafter referred to as section 12a). The citations ordered the plaintiffs to appear before the Commission to show cause why their State retail liquor licenses should not be suspended or revoked.

On February 19, 1974, the plaintiffs filed a complaint for declaratory and injunctive relief against the individuals constituting the Liquor Control Commission. The complaint requested a declaratory judgment that section 12a of the Liquor Control Act is unconstitutional and an injunction restraining the defendants from proceeding with the charges against the plaintiffs. On February 21, 1974, the court issued a preliminary injunction against the defendants, enjoining them from proceeding against the plaintiffs. The defendants filed an answer to the complaint in which they admitted that the plaintiffs had been sent citations charging them with violations of the law. The answer denied, however, that section 12a of the Liquor Control Act was unconstitutional. The defendants subsequently filed a motion for summary judgment, and the plaintiffs responded by filing a similar motion. The court granted the plaintiffs' motion for summary judgment and issued a permanent injunction restraining the defendants from proceeding in any manner with reference to the citations served upon the plaintiffs. The court found that section 12a of the Liquor Control Act violated the first

and fourteenth amendments of the Constitution of the United States and article I, sections 1, 2 and 4, of the 1970 Illinois Constitution. Defendants appealed under Rule 302(a).

Section 12a of the Liquor Control Act provides:

"It is unlawful for any licensee, where more than 5% of the licensee's gross income is derived from the sale of alcoholic liquor, or any officer, associate, representative, agent or employee of such licensee to become liable for, pay or make any contribution directly or indirectly toward the campaign fund or expenses of any political party, or candidate for public office, or for nomination of any candidate for any public office. Any such licensee who violates, or permits or suffers any officer, associate, representative, agent or employee to violate, any of the provisions of this Section shall be guilty of a Class A misdemeanor, and the issuing authority shall revoke the license of such licensee. Any other person violating the provisions of this section shall be guilty of a Class B misdemeanor."

The first issue to consider is whether the above statute is violative of the free speech and associational rights provisions of the United States or Illinois constitutions. (U.S. Const. amend. I; Ill. Const. 1970, art. I, sec. 4.) Defendants contend that the constitutional guarantee of free speech is not relevant to this case because the giving of political contributions does not constitute a form of speech. Even if we were to accept this argument, the fact remains that "the primary First Amendment problem raised by *** contribution limitations is their restriction of one aspect of the contributor's freedom of political association." (*Buckley v. Valeo,* 423 U.S. 1, 24-25, 46 L. Ed. 2d 659, 691, 96 S. Ct. 612, 637.) In *Buckley,* the United States Supreme Court considered a challenge to the Federal Election Campaign Act (Federal Election Campaign Act of 1971, Pub. L. No. 92—225, 86 Stat. 3, as amended, Federal Election Campaign Act Amendments of 1974, Pub. L. No. 93—443, 83 Stat. 1263). In part, the Act placed monetary limitations upon individual contribu-

tions to political candidates and upon campaign spending by candidates for various Federal offices. The constitutionality of the Act was challenged on the grounds that the contribution and expenditure provisions violated first and fourteenth amendment guarantees of free speech and associational freedom. In determining the validity of the Act's limitations upon campaign contributions, the Supreme Court focused primarily upon the conflict between the plaintiffs' associational rights and the government's interests, mainly that of preventing the corruptive and coercive influence of financial contributions upon candidates for public office. The court upheld the contribution limitations, concluding that "[e]ven a ' "significant interference" with protected rights of political association' may be sustained if the State demonstrates a sufficiently important interest and employs means closely drawn to avoid unnecessary abridgement of associational freedoms." 423 U.S. 1, 25, 46 L. Ed. 2d 659, 691, 96 S. Ct. 612, 638.

The appellants argue that any of three interests of the State are sufficient to sustain the validity of section 12a. It is first alleged that the State has a compelling interest in regulating alcoholic beverages and in protecting its citizens from the dangers associated with alcohol. It is further alleged that the State has an interest in preventing liquor licensees from gaining influence over legislators or other political figures. Finally, it is argued that the State has an interest in protecting liquor licensees from being pressured into making political contributions.

The nature of the liquor industry is a prime consideration in judging the validity of section 12a of the Liquor Control Act. In *Daley v. Berzanskis*, 47 Ill.2d 395, 398, *cert. denied*, 402 U.S. 999, 29 L. Ed. 2d 166, 91 S. Ct. 2173, we noted that the business of selling intoxicating liquor is "attended with danger to the community" and is "closely related to certain evils in society." We held in *Daley* that the business of selling liquor is subject to any

regulation which has any substantial relation to the public health, comfort, safety or welfare.

In determining whether the above State interests are sufficient to justify section 12a of the Liquor Control Act, we must consider the degree to which the appellees' constitutional rights are infringed. We believe that section 12a imposes little direct restraint on the ability of liquor licensees to engage in political communication or association. In *Buckley v. Valeo,* the Supreme Court stated that:

"By contrast with a limitation upon expenditures for political expression, a limitation upon the amount that any one person or group may contribute to a candidate or political committee entails only a marginal restriction upon the contributor's ability to engage in free communication. A contribution serves as a general expression of support for the candidate and his views, but does not communicate the underlying basis for the support." (423 U.S. 1, 20-21, 46 L. Ed. 2d 659, 688, 96 S. Ct. 612, 635.

Section 12a does not prohibit liquor licensees from engaging in any type of "pure speech." For example, those individuals, of course, may express their political opinions to anyone who will listen. They may announce their support for candidates or political parties. They also can express their political opinions by exercising their voting rights. Additionally, nothing in section 12a prohibits liquor licensees from joining political parties or groups or from volunteering services to those parties or groups.

The appellees argue that, even if section 12a does further substantial State interests, the provision is invalid because the restrictions on the constitutional rights of liquor licensees are greater than necessary. The appellees contend that the statute is overly broad for several reasons. They first allege that section 12a is unreasonable in that it proscribes political contributions in all amounts and not merely large contributions. Secondly, the appellees argue

that there is no justification for prohibiting contributions to political parties as well as to individual candidates. Lastly, it is alleged that section 12a is overbroad because it forbids political contributions toward the campaign fund or expenses of any candidate for public office, rather than merely those candidates whose duties, if the candidate is elected, could have some relation to the regulation of liquor. We do not find these arguments persuasive. We agree that it is large campaign contributions which are most likely to create a danger that liquor licensees or other individuals in the liquor business may obtain a degree of influence over public officials. The General Assembly may reasonably have believed, however, that its efforts to further the relevant State interests would have been much less effective if only contributions above a certain amount were prohibited. It is possible that a liquor licensee could circumvent a law proscribing only large contributions by financing a large number of small contributions ostensibly given by his friends and associates. Also, if many liquor licensees acted in concert and each made a small contribution to a particular candidate, it is conceivable that they could, as a group, accomplish what section 12a of the Liquor Control Act was intended to prevent. We therefore hold that section 12a is not rendered unconstitutional by the fact that it prohibits small political contributions as well as large contributions.

We also hold that the legislature's decision to prohibit contributions by liquor licensees to political parties as well as to individual candidates does not render section 12a overly broad. A political party, a local party organization or individuals who participate in policymaking within a party organization may have influence or power which could be used to affect various actions concerning the liquor industry. Liquor licensees could perhaps obtain influence in the area of liquor regulation, therefore, by making contributions to political parties as well as to individual candidates. Additionally, liquor licensees may

be subject to pressure to make contributions to political parties as well as to individual candidates. Consequently, we believe that it was reasonable for the General Assembly to prohibit liquor licensees from making contributions to political parties as well as to individual candidates. For similar reasons, we reject the argument that section 12a is overbroad because it prohibits contributions to all candidates and not merely those whose potential duties have some relation to the regulation of liquor. It is difficult and probably impossible to determine precisely which office-holders will be in a position to exercise influence in the area of liquor regulation. The nature of our political system and past history suggests that political officials or public officers may wield powers or possess influence beyond the powers and influence inherent in their official duties. In attempting to prevent liquor licensees from obtaining influence in the area of liquor regulation, therefore, the legislature acted reasonably in proscribing the giving of campaign contributions by liquor licensees to any candidate. Accordingly, we find that section 12a does not restrict the constitutional rights of liquor licensees to a greater degree than is necessary to further the State interests involved.

The appellees also claim that section 12a of the Liquor Control Act is overly broad because it applies not only to liquor licensees, but also to any officer, associate, representative, agent or employee of a liquor licensee. It is contended that the State interests which arguably justify the limitations placed upon liquor licensees do not justify the limitations placed upon various associates of liquor licensees. We agree with the appellants' contention that the appellees lack standing to raise this issue. This court will not determine the constitutionality of provisions of an act , which do not affect the parties to the cause under consideration. (*Rosewood Corp. v. Fisher,* 46 Ill.2d 249.) A party who would attack a statute as unconstitutional must bring himself within the class as to whom the law is

unconstitutional. (*People v. Bombacino,* 51 Ill.2d 17, *cert. denied,* 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230.) Each of the appellees in the instant case is a liquor licensee. None are within the class of persons referred to as officers, associates, representatives, agents or employees of a liquor licensee. If section 12a is unconstitutional as to that class of individuals, it is only members of that class who may raise the issue. Since the appellees lack standing with respect to this issue, we decline to determine whether section 12a may be constitutionally applied to officers, associates, representatives, agents or employees of liquor licensees.

For the foregoing reasons, we hold that section 12a of the Liquor Control Act is not overly broad. In view of the very substantial State interests involved and the fact that the statute imposes relatively minor limitations upon the appellees' constitutional rights, we hold that section 12a does not violate the appellees' rights of free speech or association.

The appellees also argue that section 12a of the Liquor Control Act violates the due process and equal protection clauses of the United States and Illinois constitutions. (U.S. Const. amend. XIV; Ill. Const. 1970, art. I, sec. 2.) One of several arguments advanced by the appellees is that section 12a creates an arbitrary classification by treating liquor licensees differently from other licensees. To be valid, a statutory classification must be based on a real and substantial difference having a rational relation to the subject of the particular legislation. (*Beck v. Buena Park Hotel Corp.,* 30 Ill.2d 343.) The statutory classification at issue in the instant case is not arbitrary, but instead is based on real and substantial differences between liquor licensees and other types of licensees. In light of the unique nature of the liquor industry and the State interests involved, we find it reasonable that the General Assembly placed liquor licensees in a class apart from other licensees.

The appellees further assert that section 12a creates an arbitrary classification in that it discriminates between individuals associated with liquor licensees and those similarly associated with other licensees and nonlicensees. The appellees lack standing to raise this issue. As stated earlier in this opinion, liquor licensees do not have standing to challenge provisions which do not affect them but rather affect their officers, associates, representatives, agents or employees.

The next issue is whether section 12a is violative of the due process and equal protection clauses for the reason that it applies only to those licensees who derive more than five percent of their gross income from the sale of alcoholic beverages. The appellees argue that this classification is arbitrary, irrational and unrelated to any legitimate State interest. We reject this argument. Our General Assembly may reasonably have believed that liquor licensees who derive a substantial percentage of their income from the sale of alcoholic beverages are more likely than other liquor licensees to attempt to gain influence or power which could be used to affect the regulation of the liquor industry. In addition, it seems likely that licensees who receive a substantial percentage of their income from the sale of liquor would be more susceptible to pressure to make political contributions to certain candidates. It may be argued, of course, that the legislature would have been wiser to have drafted section 12a so that a fixed dollar amount of income, rather than a percentage amount, would be used to determine which liquor licensees were subject to the statute. There is no requirement, however, that a statutory classification be accurate, scientific or harmonious so long as it is not arbitrary and will accomplish the legislative design. (*Allen v. Conken,* 39 Ill.2d 427.) The classification of liquor licensees on the basis of the percentage of income derived from the sale of alcoholic beverages is reasonable and not arbitrary.

The appellees' final argument is that section 12a of

the Liquor Control Act violates due process because it is unconstitutionally vague. The appellees argue that the meanings of the terms "gross income" and "contribution" are uncertain and left to conjecture. We disagree. Due process does require that a person of ordinary intelligence be given a reasonable opportunity to know what is prohibited. (*Grayned v. City of Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294.) A statute is not rendered unconstitutionally vague, however, merely because the imagination can conjure up hypothetical situations in which the meaning of some terms may be in question. (*American Communications Association v. Douds,* 339 U.S. 382, 94 L. Ed. 925, 70 S. Ct. 674.) We believe that the term "gross income" is reasonably certain and that liquor licensees are given fair notice of what is contemplated by section 12a. The construction and meaning of terms such as "gross income" may differ somewhat, depending upon the context and the special matter to which they are applied. (*State v. Illinois Central R.R. Co.,* 246 Ill. 188.) The ordinary meaning of the term "gross income" is income or receipts before any deductions (see Black's Law Dictionary 832 (rev. 4th ed. 1968)). Nothing in section 12a suggests that the term "gross income" should be interpreted in any manner other than by its ordinary meaning. We believe that liquor licensees are given fair notice, therefore, that their "gross income" is their total income or receipts from all sources before deductions.

We also find that the term "contribution" is clear in meaning as it is used in section 12a. The appellees contend that it is not certain whether the term applies merely to monetary donations or also to nonmonetary donations. Section 12a proscribes certain contributions "toward the campaign fund or expenses" of a political party or candidate. The words "fund" and "expenses" clearly indicate that section 12a was intended to apply to monetary contributions. In addition, appellees allege that

it is unclear whether the term "contribution" encompasses independent expenditures "not controlled by or co-ordinated with the candidate." If such expenditures are deemed included, appellees assert a conflict between the statute and the United States Supreme Court's decision in *Buckley v. Valeo.* While couched in vagueness terms, appellees' attack essentially presents an issue of over-breadth. Since none of the appellees claim to have made any independent political expenditures, they lack standing to raise the issue. Consequently, we reject the appellees' contention that section 12a is unconstitutionally vague.

For the foregoing reasons, we find that the trial court erred in its decision that section 12a of the Liquor Control Act is unconstitutional. The judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*