WALGREEN CO., d/b/a Walgreen's, Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellants.

Third District   No. 80-641

Opinion filed October 22, 1981.

Tyrone C. Fahner, Attorney General, and Irene F. Bahr, Special Assistant Attorney General, both of Chicago, for appellants.

Michael R. Berz and Debra K. Smietanski, both of Berz and Smietanski, of Kankakee, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, the Illinois Liquor Control Commission (hereinafter the Commission), appeals from a ruling of the circuit court of Kankakee County in administrative review finding that Rule 24 of the Commission is unconstitutionally void and from the court's order enjoining the Commission from enforcing the Rule.

The facts of the case follow. On April 8, 1980, plaintiff Walgreen Co., as holder of 141 separate liquor licenses in Illinois, was cited by the Commission for having committed 208 violations of Rule 24.

The Commission's Rule 24 reads as follows:

"Rule 24. Transactions Involving Use of Checks and their Equivalent

No person shall sell or furnish alcoholic liquor at retail to any person on credit or on a passbook or order on a store, or in exchange for any goods, wares or merchandise, or payment for any services rendered. The use, however, of money orders, traveler's checks, drafts or checks or the equivalent of any of the foregoing shall not be deemed the extension of credit within the meaning of the foregoing provisions if not post-dated and if deposited and collected in due course promptly.

The use of credit cards or other authorizations, irrespective of form, when presented to and honored by a retail licensee for payment for alcoholic liquor consumed at retail on the premises, shall be deemed equivalent to the use of bank checks or bank drafts, if the retail licensee honoring such credit cards or authorizations receives payment in due course from such agency on a non-recourse basis.

A retail licensee honoring credit cards or authorizations issued

by a non-licensed agency under this Regulation may not advertise the same in any way except by dignified signs in the interior or on the exterior of the licensed premises or by a table card."

The violations occurred during a period from December 20, 1978, through April 1, 1980. They involved newspaper advertising in which logos for VISA and Master Charge appeared along with advertisements for both alcoholic liquor and other nonalcoholic products marketed by Walgreen's. None of the advertisements in question were devoted solely to liquor.

During the period of the violations, the Commission duly notified appropriate representatives of Walgreen's, and the Commission's agents conducted meetings with such representatives to warn Walgreen's that failure to comply with Rule 24 would result in formal administrative proceedings against Walgreen's. Walgreen's asked whether or not it was the Commission's interpretation that the Rule would be violated if the liquor advertisements without logos were segregated from the nonalcoholic products advertised with logos on other sections of the same newspaper sheet. Alternatively, Walgreen's asked whether or not the Rule would be violated were liquor advertisements placed on pages other than those containing the logos and nonalcoholic products. The Commission apparently failed to respond to these questions. The advertisements continued. Finally, on May 14, 1980, the Commission entered its order finding Walgreen's guilty of 208 violations of Rule 24 and imposing a $20,000 fine against the company. This was the maximum fine allowable under the Liquor Control Act. Ill. Rev. Stat. 1979, ch. 43, par. 108(1).

Walgreen's appealed the Commission's order to the circuit court pursuant to the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). In addition to its arguments on the merits of the Commission's ruling, Walgreen's attacked the constitutionality of the Rule both on its face and as applied by the Commission in the instant case. Walgreen's requested that the order of the Commission be stayed and that the Commission be temporarily and permanently enjoined from enforcing Rule 24.

On November 10, 1980, the circuit court filed a memorandum of opinion finding, *inter alia*, the following: 1) Rule 24 violates plaintiff's constitutional right of commercial free speech; 2) Rule 24 is void as a violation of the doctrine of separation of powers; 3) Rule 24 violates plaintiff's constitutional right to equal protection; and 4) Rule 24 is vague, arbitrary and unreasonable, thereby violating plaintiff's constitutional right to due process of law. A judgment was entered accordingly in which the fine imposed by the Commission was vacated and the Commission was permanently enjoined from enforcing Rule 24. The Commission appeals from that order.

Initially, we note that the only portion of Rule 24 which the Commission sought to enforce in the instant case is the third paragraph. The Commission argues on appeal that if that paragraph can be severed without doing violence to the remaining paragraphs, then it would be proper to limit the scope of our ruling to only the third paragraph, thereby preserving the first two paragraphs for future challenges by parties directly affected by the provisions therein. Our inquiry is two-pronged—first, is the paragraph severable; secondly, if so, should the paragraph be severed for the purposes of the instant appeal.

Credit sales are dealt with generally in section 13 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 134). The third paragraph of Rule 24, however, represents a substantial departure from any of the provisions in section 134. It deals specifically with the retail licensee's advertisement of the fact that nonlicensed agency credit cards, such as VISA and Master Charge, may be used for the purchase of alcoholic liquor. Examination of the remaining two paragraphs of Rule 24 reveals that they are closely related to provisions of section 13 of article IV and are capable of implementation without reference to the third paragraph of the Rule.

The first paragraph of Rule 24 prohibits the sale of alcoholic liquor at retail on credit, thereby implementing the first clause of section 134 of the Act, which reads, "No person shall sell or furnish alcoholic liquor at retail to any person on credit or on a passbook, or order on a store, or in exchange for any goods, ware or merchandise, or in payment for any services rendered. * * *."

Section 13 of article IV authorizes the use of credit cards for off-premises sales of alcoholic liquor. Specifically, the fourth and fifth clauses of section 13 of article IV state:

> "[A]nd provided further that nothing herein contained shall be construed to prevent any hotel from permitting checks or statements for liquor to be signed by regular guests residing at said hotel and charged to the accounts of said guests; and provided further that nothing herein shall be construed to prevent payment by credit card or other credit device for the purchase of liquor in the original package or container for consumption off the premises."

The second paragraph of Rule 24 expands upon the statute by authorizing the use of credit cards for on-premises sales as well.

■■ It is readily apparent that neither the first nor the second paragraph of Rule 24 is dependent upon the third for meaningful interpretation. Accordingly, we find that the third paragraph is severable.

■■■ We turn next to the facts of the case to complete our analysis of severability. Walgreen's has not been charged with either improperly

accepting credit for the sale of alcoholic liquor or with violating the second paragraph of Rule 24 which deals with retail sales of alcoholic liquor for consumption on the premises. Walgreen's, therefore, lacks standing to challenge the constitutionality of either of the first two paragraphs of Rule 24. (See, *e.g., Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 349 N.E.2d 61.) Accordingly, since nothing prevents its severance from those paragraphs, we must, as defendant suggests, confine our ruling to the third paragraph of the Rule. The balance of our opinion will be addressed solely to the parties' arguments respecting the third paragraph of Rule 24.

We consider the determinative question to be whether the trial court properly ruled that the Commission's rule violates Walgreen's right to commercial free speech under the Illinois and Federal constitutions. (U.S. Const., amend. I; Ill. Const. 1970, art. 1, §4.) The Commission argues that the governmental interest in regulating the sale of alcoholic liquor outweighs Walgreen's First Amendment right of commercial free speech. The specific governmental interests involved in the instant regulation, according to the Commission, are protection of the public health, safety and welfare and the promotion of temperance. The Commission's argument continues with the general premise that First Amendment rights may be curtailed where such important governmental interests are involved and the means chosen are closely drawn. *Schiller*, 63 Ill. 2d 499, 507, 349 N.E.2d 61, 65.

■■ Applying these general premises to Rule 24, we find that the restriction therein on a retail licensee's right to advertise is not a closely drawn means of promoting temperance or protecting the public health, safety or welfare. The Commission has failed to demonstrate either in the circuit court or on appeal that a consumer would be more likely to practice temperance if he were not informed, via the display of VISA and Master Charge logos in Walgreen's advertisements, that credit cards are an acceptable mode of payment for Walgreen's offerings, including alcoholic liquor, than if the consumer were not so informed.

■■ ■ The Commission next argues that the twenty-first amendment, which sanctions State regulation of the sale of liquor within its boundaries, substantially reduces a licensee's first amendment right of commercial free speech with respect to alcoholic liquor. We agree with the Commission that the licensee's first amendment right of commercial free speech is not absolute. However, the licensee's constitutional right must prevail over a regulation which does not bear a substantial relation to the governmental interests which the Act legitimately seeks to protect. (*Cf. Daley v. Berzanskis* (1971), 47 Ill. 2d 395, 269 N.E.2d 716 (warrantless search of licensee's premises did not require suppression of fruits of search for purposes of liquor license revocation hearing).) It is readily

apparent that a rule which restricts licensees from advertising that they accept credit cards does not further the legislative purpose of the Liquor Control Act, which specifically states that a licensee such as Walgreen's is authorized to accept credit cards for the sale of alcoholic liquor.

■■ Therefore, having found that the third paragraph of Rule 24 bears no substantial relationship to the governmental interests which the Act seeks to protect, we hold that the rule as written, which totally bans advertising off the premises, in any form, a licensee's statutorily authorized privilege of accepting credit cards, violates constitutionally protected rights of licensees guaranteed by the State and Federal constitutions.

In light of our holding with respect to the parties' first amendment arguments we find it unnecessary to rule on the alternative bases advanced for sustaining or striking down Rule 24. The only other issue raised on appeal which merits our consideration concerns the propriety of the circuit court's entry of a permanent injunction against the Commission.

■■ The general rule is that a court of equity will not enjoin enforcement of a law or regulation merely because its validity is being challenged. (4 Am. Jur. 2d *Injunctions* § 187 (1969).) The exception to this rule, thereby allowing the circuit court to enter an injunction, obtains when the plaintiff shows both that he would suffer irreparable injury were injunction denied and that he is without an adequate remedy at law. (*Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 423 N.E.2d 1253 (citing *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1980), 90 Ill. App. 3d 817, 413 N.E.2d 1299).) We believe that both of these prerequisites were adequately shown in the trial court prior to its granting of injunctive relief in the case at bar.

■■ First, Walgreen's demonstrated that enforcement of the Rule would impair the effectiveness of its advertising scheme, thereby reducing its retail sales to a degree which would be practically impossible to ascertain with sufficient certainty to recover from the Commission in damages. Secondly, Walgreen's demonstrated that a multiplicity of lawsuits could result if the Commission were permitted to continue its enforcement of the Rule. The trial court's assessment of the factors relevant to its decision to grant injunctive relief was not manifestly erroneous insofar as it relates to the third paragraph of Rule 24. As we have stated above, any questions concerning the validity of the first two paragraphs of the Rule are not properly before the court because the plaintiff lacks standing to challenge provisions which do not affect it. Accordingly, we affirm the order of the trial court for the reasons and subject to such limitations as specified in this opinion.

Affirmed as modified.

ALLOY and HEIPLE, JJ., concur.