(No. 47823.—

THE PRUDENTIAL INSURANCE COMPANY OF AMER-
ICA *et al.,* Appellees, v. THE CITY OF CHICAGO *et
al.,* Appellants.

*Opinion filed March 23, 1977.—Rehearing denied May 26, 1977.*

438

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellants.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Owen Rall, Herbert C. Loth, Jr., and Peter M. Sfikas, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The plaintiffs are insurance companies transacting business in Illinois, and each of them employs more than

15 persons in their Chicago offices. They thus came within the provisions of the Chicago Employers' Expense Tax Ordinance (Chicago Mun. Code, ch. 200.3), which requires every employer who has 15 or more full-time employees within the city of Chicago to pay a tax of $3 per month per employee. The constitutionality of the ordinance was upheld in *Paper Supply Co. v. City of Chicago* (1974), 57 Ill. 2d 553.

On October 1, 1974, the Governor signed into law Senate Bill 1520 (Pub. Act 78–1224), which became section 2.1 of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 614.1) and which, the plaintiffs say, exempted them from the tax. They filed a complaint on January 16, 1975, in the circuit court of Cook County claiming exemption and asking for an injunction prohibiting the defendants, the city of Chicago, the city's director of revenue, its corporation counsel and its treasurer (hereafter, the City), from collecting the tax. On January 27, 1975, the circuit court entered a preliminary injunction enjoining the defendants from collecting the tax, and it ordered the City to establish a protest fund into which the plaintiffs were to pay the tax pending the outcome of the litigation. The plaintiffs later filed a motion for summary judgment, which was granted on June 27, 1975. The court permanently enjoined the City from collecting the tax from the plaintiffs, holding that they were exempted from paying the tax under section 2.1 of the Insurance Code. This court granted the City's motion for a direct appeal under our Rule 302(b). 58 Ill. 2d R. 302(b).

Section 2.1 of the Insurance Code provides:

> "It is declared to be the public policy of this State, pursuant to paragraphs (h) and (i) of Section 6 of Article VII of the Illinois Constitution of 1970, that any power or function set forth in this Act to be exercised by the State is an exclusive State power or function. Such power or function shall not be exercised concurrently, either directly or indirectly, by any unit of local government, including home rule units, except as otherwise provided in

this Act. Provided further that the fees, charges and taxes provided for by this Act shall, as provided for in Section 415 of this Act, be in lieu of all license fees or privilege or occupation taxes or other fees levied or assessed by any home rule unit and said Section 415 of this Act is declared to be a denial and limitation of the powers of home rule units pursuant to paragraph (g) of Section 6 of Article VII of the Illinois Constitution of 1970." (Ill. Rev. Stat. 1975, ch. 73, par. 614.1.)

Section 415 of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1027) states:

"The fees, charges and taxes provided for by this Article shall be in lieu of all license fees or privilege or occupation taxes or other fees levied or assessed by any municipality, county or other political subdivision of this State, and no municipality, county or other political subdivision of this State shall impose any license fee or privilege or occupation tax or fee upon any domestic, foreign, or alien company, or upon any of its agents, for the privilege of doing an insurance business therein, except the tax authorized by Division 10 of Article 11 of the Illinois Municipal Code as heretofore and hereafter amended. This Section shall not be construed to prohibit the levy and collection of

(a) state, county or municipal taxes upon the real and personal property of such company including the tax imposed by Sec. 414 of this Code, and

(b) taxes for the purpose of maintaining the office of the Fire Marshal of this State and paying the expenses incident thereto."

Prior to adoption of the Constitution of 1970, section 415 contained the same language as appears above and thus, excluding the exceptions set out in the section, prohibited the imposition of license fees or privilege or occupation taxes or other fees upon insurance companies by municipalities, counties or other political subdivisions of the State. Of course, upon the adoption of our constitution in 1970, home rule units were granted the power to tax as well as the right to exercise "any power and perform any function pertaining to its government and

affairs." (Ill. Const. 1970, art. VII, sec. 6(a).) This court has held that "an ordinance enacted by a home rule unit under the grant of· power found in section 6(a) supersedes a conflicting statute enacted prior to the effective date of the Constitution. [Citations.]" (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 527.) Therefore, when the city of Chicago, which is a home rule unit, enacted its ordinance it had the effect of superseding section 415 so far as the City was concerned.

The General Assembly, however, has authority under the Constitution to deny or limit the power of a home rule unit to tax. Section 6(g) of article VII provides, in part:

"The General Assembly by a law approved by the vote of three-fifths of the members elected to each house may deny or limit the power to tax and any other power or function of a home rule unit not exercised or performed by the State ***." (Ill. Const. 1970, art. VII, sec. 6(g).)

Section 2.1 received the three-fifth votes of the General Assembly necessary for denying home rule units the power to tax. As we have set out above that statute provides:

"[T]he fees, charges and taxes provided for by this Act shall, as provided for in Section 415 of this Act, be in lieu of all license fees or privilege or occupation taxes or other fees levied or assessed by any home rule unit ***."

It is clear that the General Assembly, in enacting section 2.1, intended to preclude home rule units from imposing any "license fees or privilege or occupation taxes or other fees" upon insurance companies.

The City argues against this construction of section 415. Pointing to the second clause of the section it says that "only the imposition upon insurance companies of fees, taxes or charges which peculiarly pertain to the *insurance business*" is barred. The City contends from this that the General Assembly in enacting section 2.1 intended only to prohibit home rule units from imposing fees, taxes or charges that "pertain to the insurance business."

It is true that the language "for the privilege of doing

an insurance business therein," following as it does the clear wording of the first clause, can be said to create an ambiguity. We consider, however, that when this language is read with the first clause and with the final sentence of the section the legislature's intent to prohibit all taxes and fees is plain. More importantly, however, it is completely clear from section 2.1 that the General Assembly was denying home rule units the power to tax pursuant to article VII, section 6(g), and making a declaration of exclusivity under sections 6(h) and 6(i). The language in the last sentence of section 2.1 says "in lieu of all license fees or privilege or occupation taxes or other fees"—which is identical with the clear language of the first clause of section 415.

Another contention of the City is that section 2.1 violates section 8(d) of article IV of the Constitution of 1970, which requires that a "bill expressly amending a law shall set forth completely the sections amended." But section 2.1 does not expressly amend section 415, as the City says. The pertinent part of section 2.1 states:

> "[T]he fees, charges and taxes provided for by this Act shall, as provided for in Section 415 of this Act, be in lieu of all license fees or privilege or occupation taxes or other fees levied or assessed by any home rule unit and said Section 415 of this Act is declared to be a denial and limitation of the powers of home rule units pursuant to paragraph (g) of Section 6 of Article VII of the Illinois Constitution of 1970."

It is section 2.1 and not section 415 that denies and limits the power of home rule units to tax. Section 2.1 makes reference to the "in lieu" provision of section 415 and provides similarly that all fees and taxes provided for by the Insurance Code shall be in lieu of all fees and taxes levied or assessed by any home rule unit. The section goes on to declare that section 415 (through the operation of section 2.1) shall be a denial and limitation of the power of home rule under section 6(g) of article VII. There is no amendment to section 415.

For the reasons given, the judgment of the circuit court is affirmed.

*Judgment affirmed.*