(No. 53272.—

MICHAEL S. GROBSMITH *et al.*, Appellees, v. WILLIAM KEMPINERS, Acting Director of Public Health, *et al.*, Appellants.

*Opinion filed November 13, 1981.—Rehearing denied*
*January 29, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield (Paul J. Bargiel and Patricia Rosen, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Murphy, Timm, Lennon, Spesia & Ayers, of Joliet (E. Kent Ayers, Gerald R. Kinney, and Roger D. Rickmon, of counsel), for appellees.

CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, William Kempiners, Acting Director of the Illinois Department of Public Health, William Boys, Director of the Illinois Department of Personnel, and Robert Davito, Director of the Illinois Department of Mental Health and Developmental Disabilities, "individually and as representatives for all Directors and Chairmen of the Departments, Boards and Commissions of the State of Illinois," appeal from the judgment of the circuit court of Will County, holding unconstitutional section 8b.18 of the Personnel Code. (Ill. Rev. Stat. 1979, ch. 127, par. 63b108b.18; Rule 302(a), 73 Ill. 2d R. 302(a).) Section 8b.18 provides:

"Term appointments. Appointees for all positions not subject to paragraphs (1), (2), (3) and (6) of Section 4d [Ill. Rev. Stat. 1979, ch. 127, par. 63b104d] in or above merit compensation grade 12 or its equivalent shall be appointed for a term of 4 years. During the term of such appointments, Jurisdictions A, B and C shall apply to such positions. When a term expires, the Director or Chairman of the Department, Board or Commission in which the position is located, shall terminate the incumbent or renew the term for another 4 year term. Failure to renew the term is not grievable or appealable to the Civil Service Commission.

For the purpose of implementing the above Section, the Director of Personnel shall supply each such Director or Chairman with a list of employees selected randomly by social security numbers in his particular Department, Board or Commission who are in salary grades subject to this Section on February 1, 1980. Such list shall include 25% of all such employees in the Department, Board or Commission. Those employees shall only continue in state employment in those positions if an appointment is made pursuant to this Section by the Director or Chairman of that Department, Board or Commission.

The same process shall occur on February 1, 1981,

1982 and 1983 with an additional 25% of the employees subject to this Section who are employed on the effective date of this amendatory Act of 1979 being submitted by the Director of Personnel for appointment each year.

New appointments to such positions after the effective date of this amendatory Act of 1979 shall be appointed pursuant to this Section.

The Director of Personnel may exempt specific positions in agencies receiving federal funds from the operation of this Section if he finds and reports to the Speaker of the House and the President of the Senate, after good faith negotiations, that such exemption is necessary to maintain the availability of federal funds.

All positions, the duties and responsibilities of which are wholly professional but do not include policy-making or major administrative responsibilities and those positions which have either salaries at negotiated rates or salaries at prevailing rates shall be exempt from the provisions of this Section."

Section 2 of Public Act 81—1002, in which section 8b.18 was enacted, provides:

"Section 8b.18 of said Act is repealed on January 1, 1984."

It is alleged in plaintiffs' complaint for declaratory judgment and injunction that plaintiffs are civil service employees of the State of Illinois who have been certified by the Director of the Department of Personnel and appointed and employed pursuant to the Personnel Code (Ill. Rev. Stat. 1977, ch. 127, par. 63b101 *et seq.*) and the rules adopted pursuant thereto; that plaintiffs were in or above merit compensation grade 12 or its equivalent as of December 31, 1979; that plaintiffs have been notified by the Director of Personnel that a lottery would be conducted on January 31, 1980, and that their Social Security numbers would be submitted to the lottery; that if selected the directors and chairmen of each department, board and commission would be notified by the defendant Boys that

on February 1, 1980, plaintiffs were subject to termination or a four-year term appointment; that plaintiffs have protested the official notification and have requested reconsideration thereof; that defendant Boys has required documentation in support of the request for reconsideration to which these plaintiffs are unable to respond in that the documentation required is "unclear, vague and lacking in specifics and detail"; that the application by the defendants of the provisions of the statute will interfere with, destroy and impair legal, equitable and contractual rights of the plaintiffs; that said act is unconstitutional and without force of law for a number of reasons alleged in said complaint.

The parties stipulated that defendants waived their right to file an answer to the complaint and that there were no material allegations of fact to be decided by the circuit court.

The circuit court found that the cause could be maintained as a class action and defined the class. It further found that plaintiffs were vested with a statutorily created property right which could not be terminated in the manner provided in section 8b.18 and that the statute deprived them of the property right without due process of law. The court entered judgment holding the statute unconstitutional and enjoining the defendants "from exercising any of the powers, rights and/or duties respecting the enforcement of Public Act 81—1002 against said named plaintiffs and the class represented by them." Defendants do not question the correctness of the order with respect to the class action.

Defendants contend that "the public interest mandates reform of the Civil Service law"; that the statute "accomplishes the objective of making state government more efficient and more accountable to the public while continuing to protect the rights of the employees"; that the State's interest outweighs the private interests and that the provision for term appointments affords plaintiffs equal protection of the law and does not constitute special legislation.

It is plaintiffs' contention that section 8b.18 contravenes the merit and fitness provisions of the Personnel Code, that it violates their rights to due process and equal protection and that it retrospectively and adversely affects their vested property rights.

Defendants have devoted a substantial portion of their brief to the argument that "the public interest mandates reform of the Civil Service law." Plaintiffs' response, simply stated, is that under this statute plaintiffs' future "will be based upon their political ties and political cooperation. Merit principles are effectively removed." They argue that because it confers upon directors and chairmen the power to effect dismissals based upon "wholly subjective criteria" section 8b.18 is invalid.

The parties have cited and argued the holdings in *Branti v. Finkel* (1980), 445 U.S. 507, 63 L. Ed. 2d 574, 100 S. Ct. 1287, *Elrod v. Burns* (1976), 427 U.S. 347, 49 L. Ed. 2d 547, 96 S. Ct. 2673, *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694, *Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701, and *Powell v. Jones* (1973), 56 Ill. 2d 70. Those cases may be relevant to issues which might arise upon failure to appoint members of plaintiffs' class to new terms. The issue presented here, however, is whether the General Assembly has the power to subject positions in grade 12 and above to term appointments and render applicable to those positions the provisions of Jurisdictions A, B and C during such term. On that question, the cited cases are not in point.

It is well established that civil service status is not a vested right, that having been created by the General Assembly it is wholly within its control and subject to change by legislative action. (*Higginbotham v. City of Baton Rouge* (1939), 306 U.S. 535, 83 L. Ed. 968, 59 S. Ct. 705; *Jordan v. Metropolitan Sanitary District* (1958), 15 Ill. 2d 369; *Groves v. Board of Education* (1937), 367 Ill. 91; *Dupont v. Kemper* (M.D. La. 1980), 501 F. Supp. 1081.) We

find no constitutional impediment to the power of the General Assembly to change the duration of the term of the appointments or the method of fixing the time when presently existing terms would terminate.

Plaintiffs contend next that section 8b.18 is violative of equal protection for the reason that the classification of employees in merit compensation grade 12 and above as "policy-makers" has no rational basis. They argue that the classification is based solely upon salary earned by the employees and that under existing salary schedules 14 of 19 separate salary grades could be affected. The record shows that under the merit compensation salary schedule effective at the time this action was filed employees in grades as low as MC-6 could earn as much as some employees in grade 12. Citing *Branti v. Finkel* (1980), 445 U.S. 507, 63 L. Ed. 2d 574, 100 S. Ct. 1287, plaintiffs argue that the classification must be held to be irrational for the reason that the amount of money earned by an employee does not of itself make the employee a "policy-maker." Defendants respond that it is clear from the rule promulgated by the Director of Personnel (Rule 2—800(2)) that the classification applies only to merit compensation grades 12 and above, and that these are positions that invoke "policy-making" or "major administrative responsibilities" as defined by Department of Personnel Rules 2—800(7) and 2—800(8). They argue further that an employee, despite the fact that he is within the designated salary range (Rule 2—850), may request an administrative hearing on the question whether his position is properly classified as "policy-making" or one with "major administrative responsibilities" (Rule 2—850) and that the administrative decision is subject to review under the Administrative Review Act.

Defendants assert that the purpose of the legislation is to increase the accountability of State employees at the higher levels and that this will be effected by vesting in the director or chairman of each particular agency the discre-

tion to terminate or appoint those individuals.

We find apposite here the statement in *Garcia v. Tully* (1978), 72 Ill. 2d 1:

> "Whether the course chosen by the General Assembly to achieve a desired result is either wise or the best means available is not a proper subject of judicial inquiry. (*Schreiber v. County of Cook* (1944), 388 Ill. 297; *Stewart v. Brady* (1921), 300 Ill. 425.) If there is a reasonable basis for the classification and it bears a reasonable and proper relation to the purposes of the Act, the classification is not unreasonable. *Williams v. City of Chicago* (1977), 66 Ill. 2d 423; *People ex rel. County of Du Page v. Smith* (1961), 21 Ill. 2d 572; *Crews v. Lundquist* (1935), 361 Ill. 193." 72 Ill. 2d 1, 10-11.

Plaintiffs next contend that section 8b.18 violates the prohibition against retrospective application of legislation because it repeals section 11 of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b111), which provides for written charges and a hearing before an employee who holds an appointment made on the basis of merit and fitness (Jurisdiction B) may be removed, discharged or demoted. This argument rests on plaintiffs' premise that the right to be dismissed only upon a showing of cause is a vested right and suffers the same defect as plaintiffs' due process argument. No constitutional provision, State or Federal, supports the contention that the benefits conferred by reason of plaintiffs' statutorily defined job status are vested property rights that may not be altered or abolished by the General Assembly.

By what we have said here in holding section 8b.18 valid, we do not imply that it may not be rendered invalid in its application, and that failure to receive appointment to a new term may not give rise to remedies predicated upon the many decisions of the Supreme Court and of this court holding that civil service status may give rise to rights which may be violated by termination or discharge. We hold only

that on its face the statute is not violative of due process or equal protection under either the Federal or State constitutions.

For the reasons stated the judgment of the circuit court of Will County is reversed.

*Judgment reversed.*