HARLAN E. SANDERS, Plaintiff-Appellant, v. THE CITY OF SPRING-FIELD *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0355

Opinion filed January 30, 1985.

Steven W. Berg, of Calandrino, Logan & Berg, P.C., of Springfield, for appellant.

John P. Schmit, Assistant Corporation Counsel, of Springfield, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff, a Springfield city policeman, brought this action for declaratory judgment and injunctive relief in the Sangamon County Circuit Court. Plaintiff sought to have a Springfield city ordinance, which conditions employment as a Springfield policeman upon membership and participation in the Springfield police pension fund, declared invalid and unconstitutional and sought to enjoin enforcement of such ordinance. The trial court found that the ordinance was valid and entered an order denying injunctive relief, from which plaintiff appeals.

On appeal, plaintiff contends that the Springfield ordinance should be declared invalid because: (1) the ordinance is preempted by the provisions of the statute which governs administration of the pension program; (2) the ordinance is preempted by provisions of the Illinois Civil Service Act; (3) the ordinance violates the equal protection guarantees of the Illinois Constitution; and (4) the ordinance is void for vagueness. In addition, plaintiff argues in the alternative that the city of Springfield should be estopped from enforcing the ordinance against him by seeking his discharge.

The facts of this case are undisputed. On September 4, 1979, plaintiff was hired by the city of Springfield as a police officer after passing a physical examination. Plaintiff applied for membership in the Springfield Police Pension Fund (Fund) but was denied membership by the board of trustees of the Fund (Board) based upon a finding that plaintiff was not physically fit. The circuit court of Sangamon County ultimately set aside the decision of the Board and ordered that plaintiff be admitted to membership in the Fund. This court reversed the order of the circuit court and remanded with directions that the Board's decision denying plaintiff membership in the Fund be reinstated. *Sanders v. Board of Trustees* (1983), 112 Ill. App. 3d 1087, 445 N.E.2d 501.

On October 21, 1983, the city of Springfield filed a petition with the Springfield Civil Service Commission seeking plaintiff's discharge on the sole ground that he had failed to become a member of the policemen's pension fund as required by Springfield City Ordinance No. 65—1—77. Ordinance No. 65—1—77, enacted on January 25, 1977, provides in pertinent part:

"[I]t is a condition of employment with the Springfield City Police Department that all Springfield City Police Officers shall actively participate and become members of the Policemen's

Pension Fund ***. The failure of any police officer to participate in said Pension Fund shall be grounds for cause for removal from his position as a Springfield City Police Officer."

On October 28, 1983, plaintiff filed a complaint in two counts with the circuit court of Sangamon County seeking a declaratory judgment that ordinance No. 65—1—77 is unconstitutional and invalid and requesting an injunction to enjoin enforcement of the ordinance. The parties entered a stipulation requesting a stay of the proceedings before the Civil Service Commission to allow the circuit court to pass upon the validity of the ordinance. On May 9, 1984, the trial judge entered a written order finding that jurisdiction was proper in the circuit court and denying plaintiff's request for injunctive relief on the ground that ordinance No. 65—1—77 is valid.

Given the procedural posture of this case, a threshold question is raised of whether the trial court should have dismissed this action for the failure by plaintiff to exhaust his administrative remedies. Generally, a person challenging decisions of a civil service commission must exhaust his administrative remedies before invoking judicial review. Parties in a discharge proceeding cannot circumvent the exhaustion requirement by stipulating to jurisdiction in the circuit court. *Ellison v. Kane County Sheriff's Office Merit Com.* (1982), 108 Ill. App. 3d 1065, 440 N.E.2d 331, *cert. denied* (1983), 462 U.S. 1118, 77 L. Ed. 2d 1347, 103 S. Ct. 3086.

■ We find that exceptions to the exhaustion requirement are applicable to the instant case. Thus, where, as here, a party challenges a statute or ordinance as being facially invalid, rather than invalid as applied to the party, administrative remedies need not be pursued and exhausted. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.) Further, the doctrine of exhaustion of administrative remedies does not apply where it would be futile to proceed initially via administrative channels, especially where a challenge is made to the facial validity of a statute or where the administrative agency cannot provide adequate relief. (*Dock Club, Inc. v. Illinois Liquor Control Com.* (1980), 83 Ill. App. 3d 1034, 404 N.E.2d 1050.) We believe that this exception also obtains in the instant case, and consequently plaintiff was not required to defend himself in discharge proceedings prior to seeking relief in the circuit court.

■ Plaintiff's first argument on appeal is that ordinance No. 65—1—77 is preempted by section 3—150 of the Police Pension Fund Act of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 108½, par. 3—150), which provides that:

"No home rule unit, as defined in the 1970 Illinois Constitu-

tion or any amendment thereto, shall have the power to change, alter, or amend in any way the provisions contained in this Article, and no such home rule unit which is a municipality, as defined in Section 3—103, shall provide for, singly or as a part of any plan or program, by any means whatsoever, any type of retirement or annuity benefit to a policeman other than through establishment of a fund as provided in this Article as now or hereafter amended."

Plaintiff contends that ordinance No. 65—1—77 changes or amends the act by making membership in the pension fund mandatory although the Act itself does not mandate membership. Defendant agrees that membership is not expressly mandated by the Act, but denies that the ordinance affects any provision of the Act and states that the ordinance is a proper exercise of the city's home rule powers.

Under the 1970 Illinois Constitution, a home rule municipality such as the city of Springfield has broad governmental powers, including the regulation of the public safety (Ill. Const. 1970, art. VII, sec. 6(a)). Any statute enacted subsequent to the 1970 Constitution which purports to limit home rule powers must be specific in that regard. Ill. Const. 1970, art. VII, sec. 6(i); *Village of Hoffman Estates v. Union Oil Co.* (1977), 56 Ill. App. 3d 52, 370 N.E.2d 1304.

Upon a plain reading of section 3—150 and a review of the section's legislative history, it is clear that the purpose of the provision is to insure that Illinois policemen receive uniform pension benefits. Excerpts from the legislative debate indicate that the intent of section 3—150 is to prevent home rule units from enacting ordinances which *conflict* with the provisions of the pension code or alter the pension rights of policemen. (See also *Board of Trustees v. Mathias* (1982), 109 Ill. App. 3d 894, 441 N.E.2d 362, which involved an identical provision in the Firemen's Pension Fund Act of 1919 (Ill. Rev. Stat. 1983, ch. 108½, par. 4—142) prohibiting home rule regulation of pension benefits to firemen.) Further, application of the doctrine of *ejusdem generis* confirms that the prohibited changes, alterations, or amendments referred to in the first clause of section 3—150 are the provision of any type of pension or annuity other than as established in article 3 of the Illinois Municipal Code.

We conclude that ordinance No. 65—1—77 does not alter the pension rights of persons participating in the police pension fund, nor does it affect the desired uniformity of pension benefits paid to policemen. In fact, the ordinance affects no provision of the pension code, since the code is silent as to whether participation is mandatory or voluntary. Rather, the ordinance merely conditions employment as a

Springfield policeman on membership and participation in the pension fund and therefore affects not the administration of the Fund but the hiring and discharge provisions of the Civil Service Act.

■ Thus, plaintiff's second argument is that ordinance No. 65—1—77 is preempted by the provisions of the Illinois Civil Service in Cities (Civil Service Act) adopted by the city of Springfield (Ill. Rev. Stat. 1983, ch. 24, par. 10—1—1 *et seq.*). Plaintiff's contentions in this regard are twofold: (1) that the Civil Service Act establishes a comprehensive procedure for the hiring and firing of policemen which preempts the ordinance, and (2) the ordinance unlawfully delegates to the board of trustees of the Springfield Police Pension Fund the decision to discharge a policeman who fails to become a member of the pension fund.

As to the first contention, the Civil Service Act does not contain a provision, as does the pension code, which limits a city's exercise of home rule powers. Therefore, the general rule applies that a home rule unit may supersede a conflicting statute which was enacted prior to the 1970 Constitution (as was the Civil Service Act). *Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919.

Plaintiff contends that ordinance No. 65—1—77 is specifically preempted by section 10—1—18 of the Civil Service Act, which provides in part: "[N]o officer or employee in the classified civil service of any municipality who is appointed under the rules and after examination, may be removed or discharged, *** except for cause upon written charges and after an opportunity to be heard in his own defense." Ill. Rev. Stat. 1983, ch. 24, par. 10—1—18.

There are two major problems with plaintiff's argument in this respect. The first is that the Civil Service Act does not define exactly what constitutes "cause" for discharge. The determination of what constitutes cause is for the city board of fire and/or police commissioners so long as the decision is related to the requirements of service and is not so trivial as to be unreasonable and arbitrary. *Davis v. Board of Fire & Police Commissioners* (1962), 37 Ill. App. 2d 158, 185 N.E.2d 281.

The second major problem with plaintiff's position is that courts have consistently upheld the power of a home rule municipality to enact ordinances which supersede or supplement the provisions of the Civil Service Act. (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919; *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480.) These decisions are based upon the rationale that the administration of civil service laws is a function pertaining to a home rule unit's government and affairs, and is not a matter of over-

riding State interest. *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 311 N.E.2d 107.

It should be noted that the ordinance in question does not supersede or conflict with any provision of the Civil Service Act but merely supplements the Act by providing an additional cause for discharge. The instant case is therefore similar to decisions that uphold ordinances or rules which supplement the civil service code by conditioning employment as a policeman or fireman on residence within the home rule unit or which reduce the mandatory age of retirement for these employees. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 389 N.E.2d 151 (residence); *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 311 N.E.2d 107 (mandatory retirement age).) Moreover, home rule ordinances which supersede the procedural requirements of the Civil Service Act relating to discharge and promotion have consistently been upheld over preemption challenges. *Paglini v. Police Board* (1975), 61 Ill. 2d 233, 335 N.E.2d 480; *Resman v. Personnel Board* (1981), 96 Ill. App. 3d 919, 422 N.E.2d 120.

■ Plaintiff's second contention under this heading is that ordinance No. 65—1—77 invalidly delegates the authority to determine cause for discharge to the board of trustees of the Springfield Police Pension Fund. However, it is apparent that the board merely determines whether an applicant is qualified to participate in the Fund; the ultimate decision whether to discharge a policeman remains within the authority of the Springfield civil service commission. Presumably, an employee could challenge the board's finding that he is unfit before the commission; plaintiff in this case has apparently chosen to abandon any such challenge. The ordinance in question does not delegate personnel decisions to any subordinate authority (*cf. Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657), and plaintiff's argument in this regard is without merit.

■ Plaintiff's next argument is that ordinance No. 65—1—77 violates the equal protection guarantees of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2) in that the ordinance applies only to Springfield policemen and not to firemen or other municipal employees. As there is no suspect class involved, and the right to public employment is not a fundamental right within the context of equal protection analysis, the test to be applied in reviewing the ordinance is the "rational basis" test. (*Strobeck v. Illinois Civil Service Com.* (1979), 70 Ill. App. 3d 772, 777, 388 N.E.2d 912, 916.) Further, civil service status is not a vested right and, having been created by the General Assembly, it is subject to change by legislative action. *Grob-*

*smith v. Kempiners* (1981), 88 Ill. 2d 399, 430 N.E.2d 973.

Under the rational basis test, a legislative classification will be upheld unless it is clearly unreasonable. The classification is presumed valid, and the burden is upon the party challenging the law to establish its constitutional invalidity. (*Jaris v. Public School Teachers' Pension & Retirement Fund* (1974), 58 Ill. 2d 15, 317 N.E.2d 51.) Legislative classifications which result in disparate treatment of policemen and firemen versus other civil service employees or between policemen and firemen have been upheld over equal protection challenges. *Davis v. Retirement Board* (1975), 30 Ill. App. 3d 318, 332 N.E.2d 446; *Resman v. Personnel Board* (1981), 96 Ill. App. 3d 919, 422 N.E.2d 120.

A legislative classification does not deny equal protection merely because it affects one class and not another, provided all members of the class are treated alike. (*Davis v. Retirement Board* (1975), 30 Ill. App. 3d 318, 332 N.E.2d 446.) Disparate treatment between classes of policemen, firemen, and other municipal employees has been justified on the grounds that the job duties and attendant risks of each occupation differ significantly. (*Davis v. Retirement Board* (1975), 30 Ill. App. 3d 318, 332 N.E.2d 446; *Gaca v. City of Chicago* (1952), 411 Ill. 146, 103 N.E.2d 617.) It cannot be said that the ordinance at issue results in the kind of "invidious discrimination" which is prohibited by equal protection guarantees. See *Scutt v. La Salle County Board* (1981), 97 Ill. App. 3d 181, 187, 423 N.E.2d 213, 218.

Further in considering whether ordinance No. 65—1—77 is a reasonable legislative classification, it should be observed that section 4—107(b) of the Firemen's Pension Fund Act (Ill. Rev. Stat. 1983, ch. 108½, par. 4—107(b)) apparently makes participation in that pension fund mandatory for firemen. As noted previously, there is no such provision in the Policemen's Pension Fund Act. Thus, the city of Springfield could reasonably find that ordinance No. 65—1—77 was necessary so that policemen and firemen would be treated alike in requiring participation in their respective pension funds.

■ Plaintiff argues next that ordinance No. 65—1—77 is void for vagueness and therefore violates the due process guarantees of the 1970 Illinois Constitution. (Ill. Const. 1970, art. I, sec. 2.) Plaintiff attempts to read ambiguity into the statute by arguing that it is unclear whether the language "failure to participate" means a wilful failure or a failure for any reason.

A statute is unconstitutionally vague when people of ordinary intelligence must necessarily guess at its meaning. (*Redemske v. Village of Romeoville* (1980), 85 Ill. App. 3d 286, 406 N.E.2d 602.) However, a

statute is not rendered unconstitutionally vague simply because the imagination can conjure up hypothetical situations in which the meaning of the term is questionable. *Schiller Park Colonial Inn, Inc. v. Berz* (1976), 63 Ill. 2d 499, 349 N.E.2d 61.

Simple reference to the dictionary, while not necessary to discern the common meaning of the words employed, reveals that the ordinance is clear on this point. "Failure" is defined as "neglect or omission" and "a not succeeding in doing or becoming." (Webster's New World Dictionary 502 (1976).) If the city of Springfield intended that the failure to become a member of the pension fund must be wilful to serve as a cause for discharge, such language could easily have been included. As it stands, the ordinance is sufficiently clear and puts the average person on notice of what it requires.

■ Plaintiff's final argument is that the city of Springfield should be estopped from seeking plaintiff's discharge because of his detrimental reliance on continued employment as a Springfield policeman. Plaintiff argues that he was never made aware of ordinance No. 65—1—77 and consequently assumed he would be able to continue his employment. These arguments were not presented in the trial court and must be considered waived. *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575.

In any event, plaintiff does not identify any affirmative act on the part of the city of Springfield which induced his supposed reliance. The ordinance was in effect when plaintiff became a policeman, and his ignorance of this fact is not the sort of affirmative action required to estop a governmental body. (*Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 430 N.E.2d 99.) Further, there was no substantial delay between the time the decision to deny plaintiff membership in the pension fund was affirmed (the Illinois Supreme Court denied leave to appeal this court's prior decision on March 31, 1983) and the time the proceedings to discharge plaintiff were instituted (October 21, 1983). Plaintiff's arguments in this regard are without merit.

For the foregoing reasons, we find that Springfield ordinance No. 65—1—77 is a valid exercise of the city's home rule powers. The trial court's order denying injunctive relief was correct, and we therefore affirm.

Affirmed.

GREEN, P.J., and MILLS, J., concur.