(No. 11044.—Reversed and remanded.)
SIDNEY L. HELLIWELL *et al.* Appellees, *vs.* ROBERT M. SWEITZER, Appellant.

*Opinion filed April 19, 1917.*

1. CONSTITUTIONAL LAW—*the act of June 29, 1915, pensioning county officers, is constitutional as to certain employees.* The act of June 29, 1915, providing a pension fund for officers and employees in counties of 150,000 or more inhabitants, does not apply to public county officers who are elected to their offices by the voters of the county but applies to all other permanent officers and employees of the county except as provided in the act, and as to all such officers and employees the act is constitutional, except where the constitution has taken the control of an office and the officers from the legislature. (*Hughes* v. *Traeger,* 264 Ill. 612, followed.)

2. SAME—*act of June 29, 1915, pensioning-county officers, is unconstitutional as to deputies and assistants in Cook county.* The salaries of deputies and assistants to county officers in Cook county are by section 9 of article 10 of the constitution subject to the control of the county board of said county and not to the control of the legislature, and as to such deputies and assistants the act of June 29, 1915, pensioning county officers, is unconstitutional.

3. SAME—*fact that act of 1915 is invalid as to certain officers is not ground for holding it invalid in toto.* The fact that the act of 1915, pensioning officers and employees in counties of 150,000 or more inhabitants, is invalid as to deputies and assistants in Cook county is not ground for holding it invalid *in toto.*

4. OFFICES—*in absence of constitutional provision the legislature has control of public offices.* The legislature has complete and absolute power not only over public officers and officials but also over the compensation attached to the office and the manner and character of its duties and their performance, in the absence of a constitutional provision limiting that power or placing it elsewhere.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

MACLAY HOYNE, State's Attorney, (GEORGE C. BLISS, of counsel,) for appellant.

BERNSTEIN, GROSSMAN & ZOLLA, and GORMAN, POLLOCK, SULLIVAN & LIVINGSTONE, (JOSEPH F. GROSSMAN, and GEORGE E. GORMAN, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The superior court of Cook county overruled a demurrer to a bill and supplemental bill of complaint to have declared unconstitutional the act of the General Assembly entitled "An act to provide for the formation and disbursement of a pension fund in counties having a population of 150,000 or more inhabitants, for the benefit of officers and employees in the service of such counties," approved June 29, 1915. (Hurd's Stat. 1916, chap. 34, sec. 1, p. 753.) In accordance with the suggestion in *Nakwosas* v. *Western Paper Stock Co.* 260 Ill. 172, the court took testimony upon the allegations of the bill as amended before passing on the demurrer, regarding the contents of the house and senate journals concerning said act. The court found upon the evidence submitted that the entries and proceedings shown by the senate and house journals concerning the said act were correctly and completely set forth in the bill as amended, and, appellant having elected to stand and abide by his demurrer, entered its decree that said act is unconstitutional, and perpetually enjoined appellant, the county comptroller, of Cook county, from deducting any sum of money whatever from the salaries or wages of any of the officers or employees in the service of the county of Cook for the benefit of the aforesaid pension fund.

The bill, as amended, was filed February 24, 1916, in behalf of appellees and all other persons similarly situated. It is alleged therein and admitted by the demurrer that the county of Cook has a population of more than 150,000 inhabitants; that appellee Sidney L. Helliwell was appointed by Henry Stuckart, county treasurer of said county, as one of the principal book-keepers in said office at a salary of $1800 per year for the fiscal years ending the first Monday of December, 1915, and the first Monday in December, 1916, and has served as such appointee from his first appointment to the date of the filing of the bill and is still serving as such appointee; that appellee James Frawley was

appointed for said fiscal years by John E. Traeger, sheriff of said county, as deputy to said sheriff at a salary of $2000 per year, and has served since his first appointment and is still serving as such deputy sheriff; that appellee Frank Mullholland was appointed by John W. Rainey, clerk of the circuit court of said county, as one of the minute clerks for said fiscal years at a salary of $1500 per year, and has served as such minute clerk since said time and is still serving as such; that appellee Elizabeth A. Thompson was appointed for said fiscal years by Richard J. McGrath, clerk of the superior court of said county, as one of the senior typists allotted to said clerk's office, and has served as such appointee since her appointment and is still serving as such, at a salary of $900 per year; that the appointments of appellees to said positions were made in pursuance of rules entered by the circuit court of Cook county for said fiscal years and their compensation was determined by the county board in accordance with the provisions of section 9 of article 10 of the constitution of 1870; that appellant, Robert M. Sweitzer, county clerk of Cook county and *ex-officio* comptroller, has declared that he will obey the mandate of the said purported enactment, and has threatened, unless restrained, to deduct from the salary of each of the appellees as fixed by the board of commissioners of said county in the annual appropriation bill, a sum equal to two dollars per month, beginning July 1, 1915, and so long as appellees shall remain in the employ of said county; that there are over three thousand other employees of the county of Cook who are similarly situated as appellees and who will be similarly injured by the threatened action of appellant, and that the rights of each and all of said three thousand employees in respect to the enforcement of said act are identical with those of appellees, and that suits brought by them to recover the amount so deducted from their salaries by appellant for the benefit of said pension fund would arise from the same common cause and involve similar facts and be

governed by the same rules applicable to this suit by appellees; that of all the officers and employees in the service of the county of Cook during the course of the years 1914, 1915 and 1916 only one-third have been appointed and hold their positions under and by virtue of the County Civil Service act, approved May 11, 1912; that the purported enactment aforesaid, approved June 29, 1915, is unconstitutional and of no legal effect whatever as against any officer or employee of the county of Cook, whether appointed by the county officers of Cook county pursuant to the rules of the circuit court determining the number of deputies and assistants, as aforesaid, or appointed to their positions under and by virtue of the said Civil Service act or employed by any other authority whatever; that said act is in contravention of the following sections of the constitution: Sections 2 and 14 of article 2 and sections 9 and 10 of article 10. The bill further sets out a full and complete copy of the proceedings of the Forty-ninth General Assembly with reference to said alleged void statute as shown by the journals of the house and senate.

The act in question, as indicated by its title already quoted in this opinion, provides for the formation and disbursement of a pension fund in counties of 150,000 or more inhabitants for the benefit of "officers and employees who are employed in said county." The entire pension fund is to be accumulated by the comptroller of "such county" retaining or deducting from the salary or wages of "each employee" of the county the sum of two dollars per month, except any gifts, grants or benefits of money or property that might be made to the board of trustees provided for by section 2 of the act and accepted by the board as indicated by section 4 thereof. The only officers and employees referred to in the act that are exempt from the provisions thereof are temporary or probationary employees and employees who were of the age of sixty years or more and had not been in the service of the county at least ten years

when the act took effect. Laborers of the county may, by election, participate in the benefits of the act under certain conditions named in the statute. Disbursements of the pension fund, except for costs and incidentals, are by the express provisions of the act to be made to "employees" of the county. No officers of the county or other persons are made beneficiaries or referred to as beneficiaries in the act except under the designation of "employees" of the county. The officers and employees of the county who are to contribute to the fund are referred to as "employees" under the first section of the act. It is clear, therefore, that the "officers and employees" referred to in this statute do not include public county officers who are elected to their offices by the voters of the county. This view is further supported by the proviso which concludes section 1 of the act. After the provision that the comptroller shall deduct from the salary or wages of each employee the sum of two dollars per month for said pension fund, that proviso follows in this language: "If the name of any such employee shall not appear upon the pay-roll of the department in which he or she is employed by reason of leave of absence, sickness, lack of work, or any other good and sufficient cause, making a deduction impossible, such employee may retain his or her rights under this act by paying two dollars each month to the treasurer of such county for the benefit of said fund, during his or her temporary absence from the service."

It is equally clear from the said provisions of the statute that the words "officers and employees" in the act are broad enough to include all that large class of officers and employees to which appellees belong,—*i. e.,* all the officers and employees employed in the various public offices of the county and designated in section 9 of article 10 of the constitution as "deputies and assistants," whose number shall be determined by rules of the circuit court and whose compensation shall be determined by the county board. The

term "employee" is often used in referring to deputies and assistants of public officers. An employee is one who works for an employer; a person working for a salary or wage. The word is applied to anyone so working, but usually only to clerks, workmen, laborers, etc., and but rarely to the higher officers of the government or corporation or to domestic servants. (3 Words and Phrases, 2369.) Appellant does not contest the idea that appellees are included within the provisions of this act, but expressly states that the act applies to all officers and employees of the county, with certain exceptions made in the act. That it may apply to all permanent officers and employees of the county, except as in the act provided, is undoubtedly true, except as to the public county officers as aforesaid.

This act is very similar in all its provisions to the Civil Service Pension Fund act of 1911 that was sustained by this court in *Hughes* v. *Traeger,* 264 Ill. 612. It was in that case held that the effect of the law was to reduce the salaries of the officers and employees coming within the provisions of the act two dollars per month, or $24 per year. The same holding must necessarily be made in this case, as every reason and argument for the holding in that case will be found applicable to this case. The rule of law universally obtains that the legislature has complete and absolute power, not only over public officers and officials, but also over the compensation attached to the office and the manner and character of its duties and their performance, in the absence of a constitutional provision limiting that power or placing it elsewhere. *Belknap* v. *United States,* 150 U. S. 588; *Gilbert* v. *Grant County Comrs.* 8 Blackf. (Ind.) 81; *Farwell* v. *City of Rock Island,* 62 Me. 296; *City of Wyandotte* v. *Drennan,* 46 Mich. 478; *Hughes* v. *Traeger, supra.*) The legislature, however, has no such power or right over the class of officers to which appellees belong. Said section 9 of article 10 of the constitution has expressly lodged the power and authority in the county

board of Cook county to determine the salaries of appellees and all other deputies and assistants appointed under said section of the constitution, and the legislature has no power or right to fix the salaries of such deputies and assistants or to raise or lower their salaries. (*Wulff* v. *Aldrich,* 124 Ill. 591.) The act in question, therefore, can have no binding effect as to appellees, and as to all that class of deputies and assistants provided for by said section of the constitution, and whose salaries the legislature has no power to determine, it is void. The act does not contravene either of said sections of article 2.

The proofs in the record and the averments of the bill are that the act in question originated in the house of representatives and was passed by it as "House Bill No. 37," and was entitled "An act to provide for the formation and disbursement of a pension fund in counties having a population of 150,000 or more inhabitants, for officers or employees appointed to their positions under and by virtue of an act entitled 'An act to regulate the civil service of counties,' approved May 11, 1905, in force November 1, 1905, and for those officers and employees who were appointed prior to the passage of said act and who are now in the service of said county." After it was so passed it was reported to the senate, and the senate passed the bill with two amendments: one amending the title to read as it now reads, and the other amending the first section as that section now reads. It is not disclosed by the bill or the proofs how section 1 read before it was so amended. The bill as amended was reported back to the house by the senate, and the house concurred in the amendments and regularly passed the act in its present form.

It is argued by appellees that the refusal of the senate to pass the said bill in its original form is evidence from which we should conclude that said act would not have been passed as it was originally drawn and passed by the house had it been foreseen that it was void as to said class

of officers and employees, and that the act should be held void *in toto*. It is further argued that the act cannot be held binding on a portion of the officers and employees of the county therein mentioned and valid as to a part, only, of such officers. We cannot agree with this conclusion. As already indicated, the act applies to all such officers and employees of the county who have permanent employment, whether under civil service or not, except such as are excepted by the act and except those indicated in this opinion. We are led to believe there are a very great number of officers and employees to whom this act may legally apply, although the probable number cannot be determined from this record. The presumption must be indulged that the legislature only intended the act to apply to those officers and employees whom the legislature had the right or power to control and provide for in such a bill, and we are not warranted, therefore, in holding that it would not have passed the act had it known that the act could not apply to the class of officers to which appellees belong. Appellees, however, have a right to have appellant perpetually enjoined from deducting and retaining two dollars per month, or any other sum, from their salaries and the salaries of any of the other officers and employees in the class to which appellees belong, but the act should not be held absolutely void as to all officers and employees of Cook county, as was done by the decree of the court in said cause.

For the reasons aforesaid the appellees were entitled to equitable relief, as was apparent from the allegations of their bill. The court, therefore, properly overruled the demurrer to the bill. Appellees were not entitled, however, to have the act declared entirely void as to all such officers and employees provided for therein.

The decree of the superior court is therefore reversed and the cause remanded, with directions to modify the decree heretofore entered in accordance with the views herein expressed.        *Reversed and remanded, with directions.*