---

(No. 12248.—Reversed and remanded.)
ADELAIDE M. SHEA, Appellee, *vs.* ROBERT M. SWEITZER, County Clerk, *et al.* Appellants.

*Opinion filed October 21, 1918—Rehearing denied Dec. 6, 1918.*

CONSTITUTIONAL LAW—*Officers and Employees Pension Fund act is valid as to certain employees.* A junior typist employed in the office of a probation officer in Cook county is not within the protection of section 10 of article 10 of the constitution, and as to such position the Officers and Employees Pension Fund act of 1915 is applicable and is valid, as the office of probation officer is not a constitutional office but is an office in the county, created by the legislature, and the employees in such office are within the express terms of said act. (*Helliwell* v. *Sweitzer,* 278 Ill. 248, adhered to.)

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MACLAY HOYNE, State's Attorney, and BUSCH, LEESMAN & ROEMER, (JOHN W. BECKWITH, of counsel,) for appellants.

A. D. GASH, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Adelaide M. Shea, appellee, filed her bill in the circuit court of Cook county against Robert M. Sweitzer, as county clerk and *ex-officio* county comptroller of Cook county, to

285 – 30

enjoin him from retaining and deducting from her salary or wages two dollars per month under the Officers and Employees Pension Fund act of June 29, 1915. Sweitzer filed a general and special demurrer to the bill. While the bill was pending Daniel P. Riordan and the remaining appellants, who are employees coming within the provisions of the act, were permitted to join in the proceeding as parties defendant and adopted as their own the general and special demurrer filed by Sweitzer. The demurrer was overruled, and appellants having elected to stand by their demurrer, the court entered a decree according to the prayer of the bill and enjoined Sweitzer as therein prayed. As the constitutionality of the act in question is involved the cause was appealed directly to this court.

This is the same act that was considered in *Helliwell* v. *Sweitzer,* 278 Ill. 248, and both appellants and appellee rely upon the holding in that case. The bill in that case was filed by Sidney L. Helliwell and others similarly situated. Helliwell was appointed by the treasurer of Cook county as a book-keeper in that office and the other complainants occupied similar positions in the offices of the various officers of Cook county. It was there contended that the act was in contravention of section 9 of article 10 of the constitution, and we held that by reason of that section of the constitution the act was not applicable to the complainants but that it was not invalid *in toto,* and in that connection we there said: "We are led to believe there are a very great number of officers and employees to whom this act may legally apply, although the probable number cannot be determined from this record. The presumption must be indulged that the legislature only intended the act to apply to those officers and employees whom the legislature had the right or power to control and provide for in such a bill."

Appellee makes but two contentions in support of the decree of the court holding the act unconstitutional: First, that it is in contravention of section 10 of article 10 of the

constitution upon the theory that appellee is a county offi-
cer; and second, that if it be held that she is not such a
county officer as is contemplated she does not come within
the express provisions of the act.

The provisions of the act in question are sufficiently set
out in *Helliwell* v. *Sweitzer, supra,* and it will not be nec-
essary to again set them out here.

Section 10 of article 10 of the constitution provides:
"The county board, except as provided in section 9 of this
article, shall fix the compensation of all county officers, with
the amount of their necessary clerk hire, stationery, fuel
and other expenses." Appellee holds the position of junior
typist in the probation office of the juvenile court of Cook
county. The juvenile court in counties having over 500,000
population is created by section 3 of the Juvenile Court act
of June 4, 1907. By that section of the statute it is pro-
vided that in counties having over 500,000 population the
judges of the circuit court shall, at such times as they shall
determine, designate one or more of their number whose
duty it shall be to hear all cases coming under the act. A
special court room, to be designated as the juvenile court
room, shall be provided for the hearing of such cases, and
the findings of the court shall be entered in a book or books
to be kept for that purpose and known as the "Juvenile
Record," and the court may for convenience be called the
juvenile court. Section 6 of the act empowers the circuit
court to appoint or designate one or more discreet persons
of good character to serve as probation officers during the
pleasure of the court.

It was in the office of the probation officer that appel-
lee was employed as a junior typist. She was not employed
in the office of the county clerk, and the county clerk was
only made a defendant to the bill because of his position
as comptroller of the county. Had appellee been an em-
ployee in the office of the county clerk or any other county
officer whose office is created by the constitution, the con-

tention of appellee that her salary as fixed under section 10 of article 10 of the constitution by the county board could not be changed or affected in this manner by an act of the legislature would have force. Appellee, however, is not an employee in the office of any constitutional officer. We have held that the probation officer whose appointment is authorized by section 6 of the act concerning the establishment of juvenile courts is an officer of the court and not a county officer, and the amount of his salary cannot be included in a tax levy for salaries of county officers. (*People v. Chicago, Burlington and Quincy Railroad Co.* 273 Ill. 110.) Appellee not being in the employ of any county officer does not come within the class of persons designated in section 10 of article 10 of the constitution. It is true that the legislature provided that the county board should appropriate money to pay the salaries of probation officers and the expense of conducting that office, but as the office was created by the legislature it could have provided, had it seen fit, that some other body should appropriate the money necessary to conduct the office. Section 10 of article 10 of the constitution does not apply, and appellee is within the class of persons referred to in *Helliwell v. Sweitzer, supra,* to which the act may legally apply.

While the office of probation officer is not a constitutional office it is an office in the county created by the legislature. It serves the people of the county, and appellee, being an employee employed in the county, comes clearly within the express terms of the statute.

The bill alleged other matters as grounds for attacking the validity of the statute, but these are the only matters which have been argued here.

For the reasons indicated the judgment of the circuit court is reversed and the cause is remanded, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*