(No. 13125.—Decree affirmed.)

M. G. HIGGINS *et al.* Appellants, *vs.* ROBERT M. SWEITZER, County Clerk, *et al.* Appellees.

*Opinion filed February 18, 1920.*

1. OFFICES—*position in county hospital is not a constitutional office.* The fact that a position in a county hospital is filled by appointment of the president of the board of county commissioners does not render it a constitutional office. (*Shea* v. *Sweitzer,* 285 Ill. 465, followed.)

2. SAME—*office created by legislature is subject to its control.* An office created by the legislature is wholly within the power of that body, which may change the length of term, the mode of appointment or abolish the office.

3. CONSTITUTIONAL LAW—*the County Pension Fund act of 1915 does not violate property rights.* The right of a person to the prospective salary of an office or position is not a property right, and the County Pension Fund act of 1915, in reducing the compensation of employees in offices which are not provided for in the constitution, does not invade any property rights of the employees affected. (*Helliwell* v. *Sweitzer,* 278 Ill. 248, followed.)

4. SAME—*courts cannot declare law unconstitutional because it is unreasonable.* If a law enacted by the legislature is unreasonable it can be corrected only by repeal or amendment by that body, and the courts have no power to say that an act is void merely because it is unreasonable.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

A. D. GASH, for appellants.

MACLAY HOYNE, State's Attorney, and BUSCH, LEESMAN & ROEMER, (ERNST BUEHLER, and ELMER M. LEESMAN, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellants filed their amended bill of complaint in the circuit court of Cook county, in which they prayed that a writ of injunction issue directed to appellee Robert M.

Sweitzer, county clerk and *ex-officio* county comptroller of
Cook county, perpetually enjoining and restraining him
from deducting any sum of money for the benefit of a
pension fund from the salary of appellants as fixed by the
county board, which fund is provided for in an act entitled
"An act to provide for the formation and disbursement of
a pension fund in counties having a population of 150,000
or more inhabitants, for the benefit of officers and employ-
ees in the service of such counties," approved June 29, 1915,
in force July 1, 1915.   Daniel P. Riordan and nine others
were permitted, on their petition, to appear as defendants
on the ground they were employees and interested.

The bill of complaint alleges that appellants are holding
the positions or employment of sergeant of hospital guards
of Oak Forest Hospital, assistant superintendent of Oak
Forest Hospital, assistant superintendent of physicians at
Oak Forest Hospital, and attending nurse at the Cook
County Hospital, respectively, under and by virtue of the
Civil Service law as it relates to Cook county; that they
have held these positions something more than three years
prior to the filing of said bill; that they were appointed
by the president of the board of commissioners of Cook
county on behalf of said board and each has held his ap-
pointment since that time.   The bill further alleges that the
salaries of said positions were fixed by the board of com-
missioners.   It is further set out in the bill that the sum
of two dollars per month has been and will be deducted
from the salaries of appellants by the county clerk under
said named act unless he be enjoined from so doing.   It
is further alleged that the act does not apply to the com-
plainants in the bill; that the act is unconstitutional, and
that it is unreasonable in that appellants are required under
it to pay the sum of two dollars per month into the pension
fund, whereas the probability is that by the time they are
entitled to receive a share thereof such fund will be ex-
hausted.   The appellees filed a general demurrer to the bill;

which was sustained and the bill dismissed for want of equity. ·

It is contended by appellants that the act is unconstitutional and void and does not apply to appellants, as they are employees of constitutional offices and officers. The act in question in this case came before this court and was considered in the cases of *Helliwell* v. *Sweitzer,* 278 Ill. 248, and *Shea* v. *Sweitzer,* 285 id. 465, where the act was held to be constitutional. The provisions of the act in question are sufficiently set out in those cases and it will not be necessary to again set them out here. What was said in the *Shea case* concerning the appellee there, who held the position of junior typist in the office of the probation officer of the juvenile court, applies with equal force here, where the appellants hold positions or employment at the Oak Forest Hospital and the Cook County Hospital. These positions are not offices created by the constitution and are nowhere mentioned in the constitution. The Cook County Hospital is provided for by section 62 of chapter 34 of our statutes, (Hurd's Stat. 1917, p. 798,) as is the Oak Forest Hospital. Section 61 of the same act provides that the compensation paid such employees as appellants shall be fixed by the board of county commissioners "when not otherwise provided by law."

But it is urged by appellants that because their appointment was made by the president of the board of commissioners of the county they are therefore officers and employees of a constitutional office. This contention is answered in *Shea* v. *Sweitzer, supra,* where it was contended that appellee there was likewise an employee or clerk of a constitutional office, this court there saying: "She was not employed in the office of the county clerk, and the county clerk was only made a defendant to the bill because of his position as comptroller of the county. Had appellee been an employee in the office of the county clerk or any other county officer whose office is created by the constitution, the

contention of appellee that her salary as fixed under section 10 of article 10 of the constitution by the county board could not be changed or affected in this manner by an act of the legislature would have force. Appellee, however, is not an employee in the office of any constitutional officer." So in the instant case, the fact that appellants here are appointed by the president of the board of commissioners does not make them employees in the office of the board of commissioners. They are employees or officers in the various hospitals, which offices are created by the act creating the hospitals and not by the constitution. The constitution is a limitation upon the power of the legislature. Obviously, therefore, those matters not coming within the constitution remain in the complete control of the legislature. Where an office is created by the legislature it is wholly within the power of that body, who may change the length of term or mode of appointment or abolish the office. (*People* v. *McCormick,* 261 Ill. 413.) The legislature could, had it seen fit, have provided other modes of appointment of appellants than by the president of the board of commissioners.

It is also contended that the act is unconstitutional in that it takes the property of appellants without due process of law. It has been frequently held in this State that the right to prospective salary of an office or position is not a property right. (*Hughes* v. *Traeger,* 264 Ill. 612; *People* v. *Kipley,* 171 id. 44; *Donahue* v. *County of Will,* 100 id. 94.) The Pension Fund act in this case has the effect of reducing, by the act of the legislature, the compensation paid to the appellants here, and it was held in *Helliwell* v. *Sweitzer, supra,* that in so doing it in no sense invaded any property rights of the persons affected.

Counsel also urges this law is unconstitutional because it is unreasonable, in that the fund raised under it will be exhausted before appellants will be allowed to share in it. Courts have nothing to do with the reasonableness or unreasonableness of acts of the legislature. If laws enacted

by it are unreasonable they can only be corrected by repeal or amendment. It does not lie within the power of courts to say that an act of the General Assembly is void because unreasonable. *Catholic Bishop* v. *Village of Palos Park,* 286 Ill. 400.

As the points raised by appellants here were raised and considered in the *Helliwell* and *Shea* cases we do not deem it necessary to discuss them further here.

The circuit court did not err in sustaining the demurrer to appellants' bill of complaint and in dismissing the bill for want of equity. The decree of that court will therefore be affirmed.                        *Decree affirmed.*