# Illinois Official Reports

## Appellate Court

---

### *Akemann v. Quinn*, 2014 IL App (4th) 130867

---

| | |
|---|---|
| Appellate Court Caption | PETER AKEMANN, Plaintiff-Appellant, v. PATRICK J. QUINN, Governor of Illinois; MITCH WEISZ, Chairman of the Illinois Workers' Compensation Commission; and MARIO BASURTO, KEVIN LAMBORN, YOLAINE DAUPHIN, NANCY LINDSY, JAMES DEMUNNO, MOLLY MASON, DAN DONOHOO, THOMAS TYRELL, DAVID GORE, CHUCK DEVRIENDT, RUTH WHITE, and MIKE LATZ, Commissioners of the Illinois Workers' Compensation Commission, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-13-0867 |
| Filed | August 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although plaintiff was properly serving as an arbitrator with the Workers' Compensation Commission prior to June 29, 2012, the effective date of Public Act 97-719, which changed section 14 of the Workers' Compensation Act to provide that the Governor shall make all appointments of arbitrators with the advice and consent of the Senate, plaintiff had no right to continue in his position as an arbitrator based on the Commission's vote on May 23, 2012, to reappoint him to a three-year renewal term beginning July 1, 2012, since Public Act 97-719 became effective on July 1, 2012, the Commission no longer had authority to appoint any arbitrators, including plaintiff, and the Governor's exclusive authority to appoint arbitrators as of July 1, 2012, applied to all terms starting on July 1, 2012. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 12-MR-846; the Hon. John Schmidt, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Carl R. Draper, of Feldman, Wasser, Draper & Cox, of Springfield, for appellant. |
| --- | --- |
| | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion. Justices Pope and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff, Peter Akemann, filed a claim for declaratory and injunctive relief, alleging he had a right to serve a three-year renewal term as an arbitrator with the Workers' Compensation Commission (Commission) because he was appointed by the Commission about six weeks before the term was to begin. Plaintiff named as defendants the Governor, Patrick J. Quinn, and the Commission's members in their official capacity (collectively, defendants). Defendants filed a motion to dismiss, arguing Public Act 97-719 (eff. June 29, 2012) (requiring all appointments of Commission arbitrators to be made by the Governor) applied to the renewal term plaintiff claims a right to serve; and as plaintiff was not appointed by the Governor, he had no right to serve as an arbitrator. Defendants also argued plaintiff's request for injunctive relief was barred by sovereign immunity and declaratory relief was unavailable to plaintiff. The trial court granted defendants' motion to dismiss, holding "Public Act 97-719 is applicable to plaintiff," sovereign immunity barred relief, and plaintiff was not entitled to declaratory relief.

¶ 2      On appeal, plaintiff argues his claim is not barred by sovereign immunity and the trial court erred by dismissing his claim because he was properly appointed by the Commission's May 2012 vote and Public Act 97-719 did not alter his right to serve as a Commission arbitrator. Defendants again argue plaintiff had no right to serve as an arbitrator due to Public Act 97-719, plaintiff's claims are barred by sovereign immunity, and declaratory relief is unavailable to plaintiff. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4      The facts of this case are matters of public record and are not in dispute.

¶ 5                            A. Relevant Statutory History

¶ 6      Before 2011, section 14 of the Workers' Compensation Act (Act) (820 ILCS 305/14 (West 2010)) provided individuals currently serving as a Commission arbitrator were reappointed by

the Commission for six-year terms. An arbitrator's term was automatically renewed unless the Chairman recommended nonrenewal of a specific arbitrator's term and 8 out of the 10 Commissioners voted not to reappoint the arbitrator. *Id.*

¶ 7 In 2011, the General Assembly enacted Public Act 97-18, § 15 (eff. June 28, 2011), which terminated the terms of all Commission arbitrators on July 1, 2011. To begin staggering the terms, the initial terms of 12 arbitrators were set to end on July 1, 2012; 12 were set to end on July 1, 2013; and the rest were set to end on July 1, 2014. *Id.* Public Act 97-18 also required the Governor make all initial appointments with the advice and consent of the Senate and allowed the Commission to reappoint arbitrators. *Id.* In relevant part the statute provided:

> "On and after the effective date of this amendatory Act of the 97th General Assembly, arbitrators shall be appointed to [three]-year terms by the full Commission, except that initial appointments made on and after the effective date of this amendatory Act of the 97th General Assembly shall be made as follows:
>
> > (1) All appointments shall be made by the Governor with the advice and consent of the Senate.
> >
> > (2) 12 arbitrators shall be appointed to terms expiring July 1, 2012; 12 arbitrators shall be appointed to terms expiring July 1, 2013; and all additional arbitrators shall be appointed to terms expiring July 1, 2014.
>
> Upon the expiration of a term, the Chairman shall evaluate the performance of the arbitrator and may recommend that he or she be reappointed to a second or subsequent term by the full Commission." *Id.*

¶ 8 In June 2012, the General Assembly amended section 14 of the Act again in Public Act 97-719 (eff. June 29, 2012). Public Act 97-719 stated "[a]ll appointments" of Commission arbitrators "shall be made by the Governor with the advice and consent of the Senate." *Id.* § 10. The Governor, rather than the Commission, would appoint Commission arbitrators for both renewal and initial terms. *Id.* Public Act 97-719 also limited an arbitrator's holdover service to 60 days if a replacement was not yet appointed. *Id.* § 5. The language of section 14 of the Act was amended to read as follows:

> "On and after the effective date of this amendatory Act of the 97th General Assembly, arbitrators shall be appointed to [three]-year terms as follows:
>
> > (1) All appointments shall be made by the Governor with the advice and consent of the Senate.
> >
> > (2) For their initial appointments, 12 arbitrators shall be appointed to terms expiring July 1, 2012; 12 arbitrators shall be appointed to terms expiring July 1, 2013; and all additional arbitrators shall be appointed to terms expiring July 1, 2014. Thereafter, all arbitrators shall be appointed to [three]-year terms.
>
> Upon the expiration of a term, the Chairman shall evaluate the performance of the arbitrator and may recommend to the Governor that he or she be reappointed to a second or subsequent term by the Governor with the advice and consent of the Senate." *Id.* § 10.

Public Act 97-719 states it takes effect upon becoming law. *Id.* § 99. It became law on June 29, 2012.

¶ 9                     B. Plaintiff's Service as a Commission Arbitrator

¶ 10    In 1994, under the then-applicable law, plaintiff was appointed by the Commission to a six-year term as a Commission arbitrator. Plaintiff was reappointed to successive six-year terms starting in 2000 and 2006. Once Public Act 97-18 took effect, on July 1, 2011, plaintiff's appointment, along with the appointments of all Commission arbitrators, terminated. In October 2011, plaintiff was appointed by the Governor for a term expiring July 1, 2012.

¶ 11    On May 23, 2012, the Commission voted to reappoint plaintiff to a three-year renewal term starting July 1, 2012, as the then-applicable version of section 14 allowed it to reappoint Commission arbitrators. On May 31, 2012, House Bill 1084, which later became Public Act 97-719, passed both houses of the General Assembly. At the next Commission meeting on June 12, 2012, the Chairman of the Commission explained House Bill 1084 provides Commission arbitrators will be appointed by the Governor and will be effective immediately upon the Governor's signature. The Commission then voted to rescind all the appointments it made on May 31, including plaintiff's appointment.

¶ 12    The Governor signed House Bill 1084, now Public Act 97-719, on June 29, 2012, and it took effect immediately. Plaintiff's term expired on July 1, 2012, and the Governor did not appoint plaintiff to a three-year renewal term. After July 1, plaintiff continued to serve during the 60-day holdover period established by Public Act 97-719, as the Governor had not appointed a replacement. When the holdover period expired, plaintiff ceased his service as an arbitrator.

¶ 13                              C. Procedural History

¶ 14    On October 5, 2012, plaintiff filed a claim, alleging the Commission's May 2012 vote to reappoint him was legally effective and the Commission's June 12, 2012, vote to rescind his appointment was void, as the Commission had no authority to rescind such a vote. Plaintiff claimed the Governor planned to appoint someone else to the position and, as the Governor had no legal authority to appoint someone to an occupied position, any arbitration decisions made by his replacement would be void or voidable. Plaintiff requested a permanent injunction prohibiting defendants from removing him from his office or appointing a replacement, or declaratory relief concerning "the legality of the [Commission's] action purporting to rescind the appointment of Plaintiff as an Arbitrator."

¶ 15    Defendants moved to dismiss under section 2-619.1 of the Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2012). The combined motion to dismiss alleged plaintiff's claim should be dismissed under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)), as it failed to state a claim upon which relief could be granted because the Commission had no authority to appoint plaintiff due to the change in law. It also argued plaintiff's claim should be dismissed under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)), as his request for injunctive relief was barred by sovereign immunity and declaratory relief was unavailable to plaintiff.

¶ 16    Shortly after he filed his claim, plaintiff moved for a preliminary injunction, requesting he be returned to his position as an arbitrator. Defendants argued plaintiff was not entitled to a preliminary injunction. On October 29, 2012, following a hearing on the motion, the trial court denied the motion, finding plaintiff had an adequate remedy at law. Plaintiff brought an

interlocutory appeal, and on May 31, 2013, we affirmed. *Akemann v. Quinn*, 2013 IL App (4th) 121050-U.

¶ 17 On September 26, 2013, the trial court granted defendants' motion to dismiss. The court held "[Public Act] 97-719 is applicable to the Plaintiff," sovereign immunity barred injunctive relief, and declaratory relief was unavailable to plaintiff. This appeal followed.

¶ 18                                                    II. ANALYSIS

¶ 19 On appeal, plaintiff argues the trial court erred by dismissing his claim because he was lawfully appointed by the Commission's May 2012 vote and his claim is not barred by sovereign immunity. Defendants argue the trial court properly dismissed plaintiff's claim, as Public Act 97-719, which applies to the term plaintiff claims a right to serve, changed the Act to require all Commission arbitrators be appointed by the Governor and plaintiff was not appointed by the Governor. We agree plaintiff has no right to serve the three-year renewal term due to the change in the law. We do not address issues related to sovereign immunity and the availability of declaratory relief. Such discussion would be purely advisory. See *Kanerva v. Weems*, 2014 IL 115811, ¶ 58 (courts avoid purely advisory comments as they conflict with traditional principles of judicial restraint).

¶ 20                                              A. Standard of Review

¶ 21 In reviewing the legal sufficiency of a claim under section 2-615, we determine whether the allegations of the complaint, construed in the light most favorable to the plaintiff and taking all well-pleaded facts and reasonable inferences as true, are sufficient to establish a cause of action upon which relief may be granted. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25, 988 N.E.2d 984. "We review *de novo* a trial court's decision granting or denying a section 2-615 motion to dismiss ***." *Roland Machinery Co. v. Reed*, 339 Ill. App. 3d 1093, 1097, 791 N.E.2d 716, 719 (2003). Further, we may affirm the trial court "for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound." (Internal quotation marks omitted.) *BDO Seidman, LLP v. Harris*, 379 Ill. App. 3d 918, 923, 885 N.E.2d 470, 475 (2008).

¶ 22                    B. The Question Presented Is One of Statutory Interpretation

¶ 23 Plaintiff and defendants agree this case presents a question of statutory interpretation, as the legislature has the right to change how Commission arbitrators are appointed at any time. The Illinois Supreme Court has consistently held, "[w]here an office is created by the legislature it is wholly within the power of that body, who may change the length of term or mode of appointment or abolish the office." *Higgins v. Sweitzer*, 291 Ill. 551, 554, 126 N.E. 207, 208 (1920); see also *Grobsmith v. Kempiners*, 88 Ill. 2d 399, 404, 430 N.E.2d 973, 975 (1981) ("It is well established that civil service status is not a vested right, that having been created by the General Assembly it is wholly within its control and subject to change by legislative action."). The question presented is whether Public Act 97-719, which requires all Commission arbitrators to be appointed by the Governor, applies to the renewal term starting on July 1, 2012, which plaintiff claims a right to serve.

¶ 24    C. Public Act 97-719 Applies to the Renewal Term Starting July 1, 2012

¶ 25    Plaintiff argues Public Act 97-719 does not apply retroactively to terminate his appointment, which became effective following the Commission's May vote. Defendants argue Public Act 97-719 applies prospectively to the renewal term plaintiff claims a right to serve, rendering the Commission's May 2012 vote ineffective and irrelevant. We agree Public Act 97-719 applies to the term plaintiff claims a right to serve.

¶ 26                        1. *Plain Language of Public Act 97-719*

¶ 27    When interpreting a statute, our primary objective "is to ascertain and give effect to the intent of the legislature." *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440, 925 N.E.2d 1113, 1117 (2010). "The most reliable indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning." *Id.* In determining a statute's plain meaning, "we consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it." *Id.*

¶ 28    Public Act 97-719 states, "arbitrators shall be appointed to [three]-year terms as follows: *** [a]ll appointments shall be made by the Governor with the advice and consent of the Senate." Public Act 97-719, § 10 (eff. June 29, 2012). Public Act 97-719 also removed the language from section 14 of the Act stating the Chairman may recommend a reappointment "by the full Commission," and instead included language stating "the Chairman *** may recommend to the Governor that [an arbitrator] be reappointed to a second or subsequent term by the Governor." *Id.* Public Act 97-719 clearly intended to give the Governor exclusive authority to make all renewal appointments starting after it went into effect. The language "[a]ll appointments" would include appointments that would expire on July 1, 2012.

¶ 29    No language in Public Act 97-719 creates an exception to the Act's general rule the Governor has authority to appoint all Commission arbitrators. "Where a statutory enactment is clear and unambiguous, a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Relf v. Shatayeva*, 2013 IL 114925, ¶ 29, 998 N.E.2d 18. Plaintiff's interpretation of the statute would require this court to read an exception for renewal terms expiring on July 1, 2012, where the Commission voted to appoint an arbitrator before the Act took effect. We will not read any such exception into the statute.

¶ 30                      2. *Public Act 97-719 Applies Prospectively*

¶ 31    The crux of plaintiff's argument is Public Act 97-719 contains no language indicating it applies to retroactively rescind his appointment, which became effective after the Commission's May 2012 vote. Defendants argue Public Act 97-719 applies prospectively to the term plaintiff claims a right to serve, as the term did not start until after Public Act 97-719 went into effect. We agree with defendants.

¶ 32    Public Act 97-719 applied prospectively because it went into effect on June 29, 2012, and applied to all renewal terms expiring *after* its effective date, including terms expiring on July 1, 2012. " 'A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment [citation] or upsets expectations based in prior law.' " *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 39, 749 N.E.2d 964, 971-72 (2001) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 269

(1994)). Plaintiff may have expected to be reappointed based on the Commission's May vote and the law effective at the time. This expectation does not, however, render Public Act 97-719 retroactive in its application to plaintiff.

¶ 33 The May 2012 vote was not effective to reappoint plaintiff. Under the then-effective version of section 14 of the Act, the Chairman of the Commission could recommend reappointment of an arbitrator "[u]pon the expiration of a person's term." The Chairman did not have statutory authority to nominate plaintiff for reappointment until his term expired on July 1, 2012. The May vote was anticipatory. On July 1, Public Act 97-719 was effective and the Commission no longer had authority to appoint any arbitrators, including plaintiff.

¶ 34 Plaintiff also argues Public Act 97-719 does not apply to him because prior amendments to section 14 in Public Act 97-18 included language specifically terminating the terms of the arbitrators, but Public Act 97-719 does not include such language. However, unlike Public Act 97-18, which ended the terms of Commission arbitrators before they were scheduled to end, Public Act 97-719 applied only to terms expiring after its effective date. It did not prematurely end any existing terms and did not need to include any such language.

¶ 35 The plain language of Public Act 97-719 gives exclusive authority to the Governor to appoint Commission arbitrators and applies to all terms starting after its effective date, including the term starting on July 1, 2012.

¶ 36 D. Public Act 97-719's Effect on Plaintiff's Claim

¶ 37 Plaintiff claims he has a right to a hearing because the trial court did not reach the question of Public Act 97-719's effect on the Commission's May vote because it based its ruling on sovereign immunity and the propriety of a declaratory judgment. We disagree.

¶ 38 The trial court did rule on this issue. It held Public Act 97-719 applied to plaintiff, indicating the court concluded plaintiff had no right to the position because of the change in the law. Even if the court had not ruled on this issue, we may uphold the trial court's decision for any reason. See *BDO Seidman, LLP*, 379 Ill. App. 3d at 923, 885 N.E.2d at 475. Public Act 97-719 applies to the three-year renewal term plaintiff claims a right to serve. Plaintiff has no right to serve as an arbitrator for the three-year renewal term and his claim was properly dismissed under section 2-615.

¶ 39 III. CONCLUSION

¶ 40 We affirm the trial court's judgment.

¶ 41 Affirmed.