NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200335-U

NO. 4-20-0335

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 22, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ALONZO FRANKLIN, | ) | Appeal from the |
| Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JOHN R. BALDWIN, in his Official Capacity as Director | ) | No. 18MR185 |
| of Corrections; MICHAEL P. MELVIN, in His Official | ) | |
| Capacity as the Warden of Pontiac Correctional Center; | ) | |
| and ANDREW J. BUFFORD, TROY E. DAVIS, | ) | |
| KENDRA R. WOLF, SHARON SIMPSON, MELISSA | ) | |
| PHOENIX, and ALLISON LOVRANT, in Their Official | ) | |
| Capacities as Employees of the Department of | ) | |
| Corrections, | ) | |
| Respondents | ) | |
| (John R. Baldwin, Michael P. Melvin, Andrew J. Buford, | ) | Honorable |
| Kendra R. Wolf, Sharon Simpson, and Allison Lovrant, | ) | Jennifer H. Bauknecht, |
| Respondents-Appellees). | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's dismissal of petitioner's petition for a writ of *certiorari* was
proper for all but one of petitioner's due process claims.

¶ 2     In December 2018, petitioner, Alonzo Franklin, filed a *pro se* petition for a writ of

*certiorari* against respondents, John R. Baldwin, in his official capacity as Director of

Corrections; Michael P. Melvin, in his official capacity as the warden of the Pontiac Correctional

Center; and Andrew J. Bufford, Troy E. Davis, Kendra R. Wolf, Sharon Simpson, Melissa

Phoenix, and Allison Lovrant, in their official capacities as employees of the Department of

Corrections (Department).  In his petition, petitioner alleged his due process rights were violated

because of respondents' actions during disciplinary proceedings related to petitioner's November 1, 2016, disciplinary report. The Livingston County circuit court dismissed respondents Davis and Phoenix because they were not served. In May 2019, respondents Wolf, Bufford, Simpson, Lovrant, and Melvin filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619 (West 2018)). In March 2020, respondent Baldwin also filed a section 2-619 motion to dismiss. After a July 2020 hearing, the court granted the motions to dismiss petitioner's petition for a writ of *certiorari*.

¶ 3        Petitioner appeals, asserting the circuit court erred by dismissing his petition for a writ of *certiorari*. We affirm in part, reverse in part, and remand the cause with directions.

¶ 4                                I. BACKGROUND

¶ 5        On November 1, 2016, a disciplinary report was issued against petitioner, asserting he violated Department regulation 205, "Security Threat Group or Unauthorized Organizational Activity," and regulation 310, "Abuse of Privileges." See 20 Ill. Adm. Code 504.Appendix A (Nos. 205, 310) (2016). The disciplinary report noted the investigation of petitioner took place between January 1, 2016, and November 2, 2016. The reporting employee was respondent Bufford and respondent Lovrant signed the disciplinary report as the hearing investigator. The disciplinary report asserted two confidential informants provided information petitioner was a highly respected leader/"board member" of the Gangster Disciples. The names of the informants were deliberately withheld for their safety. Information obtained from both audio and "correspondence surveillance on no less than 23 different occasions" confirmed petitioner's active participation in the Gangster Disciples. The disciplinary report explained petitioner used family members to contact high ranking street-level Gangster Disciples via a three-way telephone conference. The report stated, "All source documentation will remain

- 2 -

on-file with the Pontiac C.C. Intelligence Unit and may only be reviewed following proper chain of command requests and procedures." The disciplinary report was served on petitioner on November 4, 2016. After a November 8, 2016, hearing, the adjustment committee found petitioner guilty of both charges and imposed the following discipline: (1) one year of C grade, (2) one year of segregation, (3) one year of revocation of good conduct credit, and (4) six months of contact visits restriction. The final summary report was signed by respondents Davis, Wolf, and Melvin.

¶ 6        Petitioner's *pro se* petition for a writ of *certiorari* raised numerous due process violations in the proceedings on the November 1, 2016, disciplinary report. Specifically, petitioner asserted (1) respondent Bufford failed to comply with section 504.30 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.30 (2016)), (2) the notice of the charges against him was insufficient and prevented him from preparing an adequate defense, (3) the final summary report does not explain the basis for the adjustment committee's decision, (4) the final summary report violated section 504.80 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 504.80 (2016)), (5) the adjustment committee failed to call the requested witnesses and review the audio and corresponding surveillance video, and (6) the prison review board also denied him due process by failing to recognize the adjustment committee's violation of his due process rights. Petitioner attached the following documents to his petition: (1) the November 1, 2016, disciplinary report; (2) petitioner's November 7, 2016, letter to the adjustment committee; (3) petitioner's December 11, 2016, grievance; (4) the adjustment committee's final summary report; (5) the May 20, 2017, grievance officer's report by respondent Simpson; (6) the June 12, 2017, order by the administrative review board that reduced the revocation of petitioner's good conduct credits to two months and was signed by respondents Phoenix and Baldwin;

(7) petitioner's undated letter to the administrative review board; and (8) the September 20, 1981, memorandum from the adjustment committee to the administrative review board.

¶ 7    In May 2019, respondents Wolf, Bufford, Simpson, Lovrant, and Melvin filed their section 2-619 motion to dismiss, contending petitioner's petition should be dismissed with prejudice because petitioner received all of the procedural protections required by *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner filed a response.

¶ 8    At a July 2019 status hearing, the circuit court dismissed respondents Davis and Phoenix because they had not been served and more than six months had lapsed. In February 2020, counsel for respondents Wolf, Bufford, Simpson, Lovrant, and Melvin entered her appearance on behalf of respondent Baldwin and filed a section 2-619 motion to dismiss on his behalf. Respondent Baldwin's motion to dismiss also asserted petitioner had been afforded the procedural protections provided by *Wolff*. Petitioner also filed a response to respondent Baldwin's motion to dismiss. Hereafter, "respondents" collectively refers to respondents Wolf, Bufford, Simpson, Lovrant, Melvin, and Baldwin.

¶ 9    On July 8, 2020, the circuit court held a hearing on the two motions to dismiss. At the conclusion of the hearing, the court dismissed petitioner's petition for a writ of *certiorari*, finding petitioner had received all of the due process rights afforded to him under *Wolff*.

¶ 10    On July 23, 2020, petitioner filed a timely notice of appeal from the circuit court's July 8, 2020, order in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 11                                    II. ANALYSIS

¶ 12    In this case, petitioner appeals from the circuit court's dismissal of his petition for

a writ of *certiorari*. The petition alleged petitioner's due process rights were violated based on respondents' actions during the disciplinary proceeding related to a disciplinary ticket issued on November 1, 2016. On appeal, respondents suggest their motion should have been brought under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2018)).

¶ 13 Regardless of whether the circuit court's considered respondents' motions to dismiss were brought under section 2-615 or 2-619, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. We can affirm the circuit court's dismissal for any reason found in the record. *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21, 17 N.E.3d 223.

¶ 14 Our supreme court has held the proper analysis of an inmate's allegations of violations of Department regulations begins with a determination of whether the Department regulations at issue create judicially enforceable rights for inmates. *Fillmore v. Taylor*, 2019 IL 122626, ¶ 38, 137 N.E.3d 779. "It is only if those regulations create judicially enforceable rights for inmates that we consider whether plaintiff was entitled to *mandamus* or writ of *certiorari* based upon defendants' alleged failure to comply with those regulations." *Fillmore*, 2019 IL 122626, ¶ 38. Ultimately, the *Fillmore* court determined that, "in the context of prison disciplinary proceedings, a prisoner is entitled to due process protections, such as the procedural protections set forth in *Wolff*, 418 U.S. 539, only when the penalty faced by the prisoner implicates a liberty interest because it affects the nature or duration of his confinement." *Fillmore*, 2019 IL 122626, ¶ 48. Our supreme court further found, " '[a]s a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for

release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.' " *Fillmore*, 2019 IL 122626, ¶ 56 (quoting *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998)). Here, petitioner had two months of good conduct credits revoked, and thus we will address petitioner's due process claims.

¶ 15        Under *Wolff*, when a prison disciplinary hearing may result in the loss of a prisoner's good conduct credits, the inmate must receive (1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-67. Additionally, the prison disciplinary board's findings must be supported by some evidence in the record. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985).

¶ 16        On appeal, petitioner asserts his petition was sufficient to raise a due process claim based on (1) the insufficiency of the notice of the charges against him which prevented him from preparing a defense and (2) the adjustment committee's failure to have the informants called, interviewed, and considered as part of his defense and to review all audio and corresponding surveillance. Respondents assert (1) petitioner has forfeited any challenge to the denial of his other due process claims and (2) the notice of the charges against him was adequate and thus did not state a due process claim. However, the respondents agree with petitioner he stated a due process claim based on the failure to call his requested witness and provide him with transcripts and recordings.

¶ 17        Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides arguments not

raised in the opening brief are forfeited. *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 40, 128 N.E.3d 1105. Thus, petitioner forfeited all of the other due process claims raised in his petition for a writ of *certiorari* besides the two he argued in his appellant brief.

¶ 18         On appeal, petitioner asserted he stated a claim of a due process violation based on the insufficiency of the notice of the charges in this case. The *Fillmore* court found the notice of the charges in that case did not constitute a due process violation. *Fillmore*, 2019 IL 122626, ¶ 58. There, the petitioner was served with an inmate disciplinary report on December 15, 2014, and the adjustment committee hearing took place on December 19, 2014. *Fillmore*, 2019 IL 122626, ¶ 58. The inmate disciplinary report consisted of five pages and set forth the charges and evidence against the petitioner. *Fillmore*, 2019 IL 122626, ¶ 58. The supreme court concluded the petitioner did receive advanced written notice of the charges against him in compliance with the first due process requirement set forth in *Wolff*. *Fillmore*, 2019 IL 122626, ¶ 58.

¶ 19         Here, petitioner received his disciplinary report on November 4, 2016, and the adjustment committee hearing took place on November 8, 2016. The report set forth two charges, gang or unauthorized organization activity and abuse of privileges. It further set forth the nature of the two charged offenses on two pages. The charges noted the identity of the confidential informants and when and where the confidential informants provided the information had been withheld for safety. It also noted all source documentation was on file with the Pontiac Correctional Center Intelligence Unit and could only be reviewed following proper chain-of-command requests and procedures. Given the disciplinary report explained why more specific information could not be provided, we find the disciplinary report in this case was sufficient to comply with *Wolff*'s first due process requirement.

¶ 20　　　　Petitioner also asserts he stated a due process claim based on the adjustment committee's failure to have the informants called, interviewed, and considered as part of his defense and to review all audio and corresponding surveillance.  He further notes prison officials denied his witness and document request without cause or a reason.  Petitioner attached numerous documents to his petition.  One was his November 7, 2016, letter to the adjustment committee showing his witness and evidentiary requests.  Petitioner also alleged in his petition he made a verbal request at the hearing for review of the audio recordings and corresponding surveillance.  Moreover, petitioner attached the adjustment committee's final summary report, which stated "no witnesses requested" and did not provide a reason as to why petitioner's requested witnesses and evidence were not presented.  The May 2017 grievance officer's report did state calling the confidential informants/sources would jeopardize their safety and disrupt the security of the facility.  The May 2017 report did not address the adjustment committee's failure to review recordings and transcripts.

¶ 21　　　　In *Fillmore*, 2019 IL 122626, ¶ 60, the supreme court found the petitioner sufficiently pled respondent's denial of the petitioner's witnesses and documentary evidence without an explanation violated petitioner's due process rights.  The petitioner's complaint alleged he timely and properly submitted a witness request slip to the adjustment committee, in which he requested witnesses and exculpatory evidence.  *Fillmore*, 2019 IL 122626, ¶ 60.  He also gave a duplicate of the witness request form to a correctional counselor to give to the adjustment committee.  *Fillmore*, 2019 IL 122626, ¶ 60.  Additionally, at the disciplinary hearing, the petitioner asked (1) to see the notes described in the inmate disciplinary report and (2) the committee to review the notes, review the inmate telephone logs in question and listen to the telephone recordings, and call his witnesses.  *Fillmore*, 2019 IL 122626, ¶ 60.  The

petitioner's complaint alleged one of the respondents noted the prison official who wrote the inmate disciplinary report directed the committee not to call any of the petitioner's witnesses. *Fillmore*, 2019 IL 122626, ¶ 60. The adjustment committee's final summary report made no reference to the petitioner's request to review documents and stated no witness was requested. *Fillmore*, 2019 IL 122626, ¶ 61. In finding the aforementioned allegations were sufficient to state a due process claim, the supreme court noted the respondents did not give reasons for denying the petitioner's witnesses and evidence during the disciplinary proceeding and did not "explain that decision 'later.' " *Fillmore*, 2019 IL 122626, ¶ 64.

¶ 22        In this case, the grievance officer did explain why petitioner's witnesses were denied but did not address petitioner's request for the adjustment committee to review the recordings and transcripts mentioned in the disciplinary report. Since the reason for failing to call petitioner's witnesses was later explained, petitioner's petition did not state a due process claim based on the adjustment committee's failure to call petitioner's witnesses at the hearing. However, as in *Fillmore*, the record does not contain any explanation in the final summary report or "later" for the adjustment committee's failure to review the evidence that petitioner requested to be reviewed. Thus, we agree with petitioner and respondents the petition for a writ of *certiorari* did set forth a due process claim based on the adjustment committee's refusal to review at the hearing the recordings and transcripts of the telephone calls referred to in the disciplinary report.

¶ 23        Accordingly, we find the circuit court's dismissal of petitioner's petition for a writ of *certiorari* was proper as to all of the due process claims except for the one based on the adjustment committee's refusal to review at the hearing the recordings and transcripts of the telephone calls referred to in the disciplinary report. As such, further proceedings on that claim

only are warranted.

¶ 24                                    III. CONCLUSION

¶ 25        For the reasons stated, we affirm in part and reverse in part the Livingston County

circuit court's judgment and remand the cause for further proceedings consistent with this order.

¶ 26        Affirmed in part and reversed in part.

¶ 27        Cause remanded with directions.